**FILED**

MAR 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MR. SAM L. CLEMMONS ) CIVIL ACTION NO:
548 SAINT CHARLES PL )
BROOKHAVEN, MS 39601 )
)
vs. )
)
U.S. Dept. of Homeland Security )
**Attn: Director in Charge** )
**Office of FOIA and Privacy Act** )
601 South 12th Street, TSA-20 )
Arlington, VA 22202

CASE NUMBER  1:06CV00518

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 03/20/2006

## FIOA COMPLAINT VIOLATIONS & OTHERS

Comes Samuel L. Clemmons, Jr. file this civil complaint in

District Court for the District of Columbia against the U.S.

Department of Homeland Security and two federal employees,

employed within such agency for violation of the United States

Title Code, Title 5, USC, Section 552a, Exemption (j)(2) of the

Privacy Act and Title 5, USC Se552, Exemption (b)(7)(A), (b)(2),

(b)(6) and (b)(7)(c) and U.S. Executive Order 10450, 10865,

12333, and 12356; section 3301 and 9101 of title 5, U.S. Code;

section 2165 and 2201 of title 42, U.S. Code; section 781 to 887

of title 50, U.S. Code 401a(4) (3)(d) and part 5, 732  section

736 of Title 5, The Code of Federal Regulation and any denial of

appeals submitted under the Freedom of Information Act (FIOA) to

retrieve and review privileged personal records of information

under the Plaintiff's personal identification.

1

1    The Defendant has denied the Plaintiff review of the record

2    according to the Freedom of Information Act and the Defendant

3    may be in violation of statue: 28 U.S.C. § 1333, and § 129

4    2(a)(3).

5

6    In this complaint let it be known and let it stand

7    according to the law of § 111 ALR, Fed. 295, giving or receiving

8    false information to any Federal Departments or Agency is

9    consider a violation of 18 U.S.C.A § 1001 (2)(15)(34); making it

10   a criminal offense to make false statements and deny career

11   employment in any matter under jurisdiction of the departments

12   or agency of the United States of America.

13

14

15   The Plaintiff states in this complaint that the Plaintiff

16   submitted such Freedom of Information Act request to the

17   defendant by fax, certified mail and Fed Ex Express delivery on

18   the following dates requesting a copy of the Plaintiff's

19   **complete** record for review and correction.

20

21   The Plaintiff mail the first request by certified mail

22   delivery on September 9, 2003 with a tracking number listed as

23   7002 3150 0005 0347 6311. This request was signed and accepted

24   by Tanisha Jacob.

25

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA &
Privacy Division, 601 South 12th Street, TSA-20, Arlington, VA 22202

1    The Plaintiff mail a second request on December 20, 2003,

2    after receiving the Freedom of Information Act communication

3    letter from Patricia M. Riep-Dice, Associate Director signed by

4    another federal employee on December 10, 2003 assigning a

5    request number of TSA04-0539. The Plaintiff has sent other

6    regular mail communication requesting the records sought under

7    the act. As of this date this complaint is written and filed

8    within the courts the Plaintiff still has not received the

9    **complete** but detail national security background investigation

10   records for review and rebuttal.

11

12

13   On July 12, 2005, the Plaintiff Fed Ex Express service

14   delivery another request with a tracking number of 851143709141

15   under the same Freedom of Information Act request to the

16   Defendant attached with a **$25.00** money order with the money

17   order serial number as being 08563193357. The Plaintiff express

18   service this request requesting the Freedom of Information Act

19   record # TSA04-0539 at The Transportation Security

20   Administration, Attn: Patricia M. Riep-Dice, Office of Record

21   Management Section FOIA and Privacy, 601 South, 12th Street, TSA

22   20, Arlington, VA 22202 such delivery was accepted and signed by

23   N. Duncan at 10:11 a.m.

24

25

1    As the courts can see, the Defendants had well enough time

2    to comply according to the law stated below.

3

4    The law states: Each agency, upon any request for records

5    made under paragraph (1), (2), or (3) of the Freedom of

6    Information Act, shall determine within **20 days** (excepting

7    Saturday, Sunday, and legal public holidays) after the receipt

8    of any such request whether to comply with such request and

9    shall immediately notify the person or plaintiff making such

10   request of such determination and the reasons therefore, and of

11   the right of such person to appeal to the head of the agency any

12   adverse determination. It is known that if such agency wishes

13   not to release such information the person or plaintiff must

14   file a complaint in the District Court of the United States in

15   the district in which the complainant resides, or has his

16   principle place of business, or in which the agency records are

17   situated, or in the District of Columbia, has jurisdiction to

18   enjoin the agency from withholding agency records and to order

19   the production of any agency records improperly withheld from

20   the complainant. In such case as this one the court shall

21   determine the matter de novo, and may examine the contents of

22   such agency records in camera to determine whether such records

23   or any part thereof shall be withheld under any of the

24   exemptions set forth in subsection (b) of the Freedom of

25

1 Information Act, and the burden is on the agency to sustain its

2 action.

3

4     The Plaintiff states and admits in this court that there is

5 a very strange sign of fraud and withholding the truth from the

6 Plaintiff; therefore, the Plaintiff is fully requesting such

7 record sought for complete review in this court of law.

8

9

10     The Plaintiff's Freedom of Information request was

11 submitted in a timely manner and such requests were

12 intentionally denied and withheld due to many unknown reasons.

13 Which is causing this civil lawsuit in the District Court for

14 the District of Columbia in the amount of $**300,000.00** (three

15 hundred thousand dollars). This amount requested in accordance

16 with back pay entitlement against such agency for violation of

17 the law under the Freedom of Information Act under § 5 U.S.C.A.

18 § 552, and allegedly for providing false information under an

19 ordered federal investigation. Therefore, holding the defendant

20 to be in violation of prohibit personnel practice under the

21 United States Code 5 U.S.C. § 2302(b) (8).

22

23

24     On July 18, 2005 (approximately three years later) the

25 agency sent a written communication (letter) signed by Catrina

M. Pavlik, Associate Director of the Freedom of Information Act

1    and Privacy Act Division denying the Plaintiff's appointment

2    after the Plaintiff passed all written and all phases of the

3    selection process. Now the Defendant wishes to advise the

4    Plaintiff that such test results have expired as of August 24,

5    2002. This expiration was not mention doing any pervious

6    communication. For example, not even on December 10, 2002 upon

7    the Plaintiff making such request for the complete records under

8    the Freedom of Information Act. (See case Law and related cases

9    of: *Price Waterhouse v. Hopkins*, Supreme Court of the United

10   States, 1989.490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268;

11   *United States v. Detroit Timber & Lumber Co.,* 200 U.S. 321, 337,

12   26 S.Ct. 282, 50 L.Ed. 499; and Case law: **Supreme Court of the**

13   **United States, United States v. Georgia et al., Nos. 04-1203,04-**

14   **1236** ). As mention and stated in the case laws above, one should

15   considered in those cases that there are four requirements that

16   should apply to this case matter before the courts to take into

17   consideration, they are: (1) The Plaintiff is a member of a

18   protected class. (2) The Plaintiff applied and was qualified for

19   the job or position in question. (3) The Plaintiff was rejected

20   by the employer, and (4) the employer did continue to seek

21   applicants for the position or filled the position with a person

22   not in a protected class or someone with lesser qualifications

23   as the Plaintiff. Disparate-Treatment Discrimination should

24   apply as well in rendering a decision in this matter before the

25

1 courts.

3    The Plaintiff states, if such is confirmed through this
4 court that such wrongful information does exist in the agency's
5 records and wrongful employment practice tactics does exists.
6 After the courts have reviewed such record under the matter of
7 *de novo*. Let the facts be known and confirmed that the
8 Defendant's agency intentionally, wrongfully, willfully,
9 deliberately, maliciously, gave the Plaintiff's wrongful
10 information. There is also a great possibility that the
11 Defendant have given others within the federal government or
12 agencies misleading information to ruin the Plaintiff's career
13 and such summary judgment is needed and hold merit in favor of
14 the Plaintiff.

15
16

17    The Plaintiff express to the court that whatever there
18 maybe to overlook the Plaintiff in not honoring the Plaintiff
19 with a career position the Plaintiff was never contacted
20 regarding any derogatory information there may be in the
21 Plaintiff's background investigation records.

22
23    If additional damages have been caused due to the
24 Defendant's negligent act in not providing the requestor the
25 record sought according to the law stated in this complaint. The

Defendant should be also be held accountable of crimes such as identity theft, identify fraud, theft by deception and deformation of character. (See statue: U.C.A. 1953, 76-6-405, 76-6-1102 and ***State v. Ross*, 951 P.2d 236, 241 (Utah Ct. App. 1997**). Once again, the Defendant never gave or allowed the Plaintiff a chance to review such record sought or to dispute any derogatory information that may exit in the Plaintiff's record.

The Plaintiff surrendered all his personal information in **good faith** and expected the Defendant to return information found or sought in good faith according to the Freedom of Information Act laws.

To validate the Plaintiff's claim the Plaintiff provide this timeline of events in additional to the Plaintiff pervious requests:

On August 24, 2002, the Plaintiff passed the electronic portion of the assessment process. The Plaintiff was given an offer to return to complete more testing for this position.

On September 03, 2002, the Plaintiff returned to complete the remaining requirements needed to obtain a position and

career within the United States Department of Transportation,

which is the Homeland Security Administration (Transportation

Security Administration).  On this date after the Plaintiff

passed the physical and medical screening and other test

required. The Plaintiff was given a **conditional offer** to

employment by Human Resources Representative Carla Scott (*See*

*the attached conditional offer*). Ms. Scott advised the Plaintiff

after discussing salary and accepting the offer for employment,

Ms. Scott informed the Plaintiff that he would be placed in a

ready pool along with other applicants. The Plaintiff and others

information will sit in a pending status while the Plaintiff's

security background investigation will be conducted. The

Plaintiff was advised that he **will** be called for employment base

on the Plaintiff's standing among his peers who have applied and

competed for the same position during this phase of testing and

screening and the Plaintiff's veteran status as being 10 points

with preferences.


Both the Plaintiff and Ms. Scott could not see any reasons

at all why the Plaintiff would not be call or did not qualify.

According to the information the Plaintiff gave the Plaintiff

informed Ms. Scott that he has never had any problems or issues

in relating to his background or his character.

1    As of this date, the Plaintiff still has not been called

2  for this position or any other positions that may be suitable to

3  the plaintiff's skills and qualifications. It is a suspect that

4  this denial is due to possible fraudulent security matters or

5  concern that may be or exist in the Plaintiff's background that

6  has been withheld from the Plaintiff and refused to be release

7  by the Transportation Security Administration (Homeland Security

8  Administration)

9

10

11    Now with the complaint being file in the District Court for

12  the District of Columbia for Freedom of Information Act

13  violation. The burden of proof is for the court to

14  administrative the law and for the Defendant to prove that such

15  information was not requested by the Plaintiff. If such

16  information was requested by the Plaintiff the Defendant would

17  have to honored the Freedom of Information Act request and

18  allowed the Plaintiff to review all records sought in its

19  entirely.

20

21    The Plaintiff states if this civil action cannot be settled

22  out of court. The Plaintiff is asking for a civil trial before

23  his peers (jury trial). At trial all facts set forth in this

24  complaint should be reveal. All the issues along with the **FACTS**

25  set forth in this case should be release for a jury to rule base

on the issues and facts provided according to the Freedom of

Information Act as of this date the compliant is filed and

logged into United States District Court's system. The Plaintiff

is aware that the Defendants have to agree to bring this matter

before a jury to review the facts.

The Plaintiff wishes to maintain and reserve rights to sell

story to the public if necessary.

In closing, the Plaintiff wishes to make it known to the

Defendant that when a court or a jury to consider a motion for

summary judgment, it is known that the court must examine all

evidence in the light most favorable to the Plaintiff (nonmoving

party). The Plaintiff wishes to advised the Defendant to

consider case laws *Langley v. Adams County*, Colorado, 987 F.2d

1473, 1476 (10th Cir.1933). When a moving party (the Defendant)

bears the burden of proof at trial is entitled to summary

judgment only when the evidence indicates that no genuine issue

of material fact exists. Fed.R.Civ.P.56(c); See case law:

*Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If

the moving party (the Defendant) does not bear the burden of

proof at trial, the Defendant must show "that there is an

absence of evidence to support the nonmoving party's (the

Plaintiff) case". In this particular case before the courts the

1  nonmoving party (the Plaintiff) has expressed evidence. The

2  Plaintiff has given names, dates and key information that no one

3  knows but the Defendant knows to support the Plaintiff's claim;

4  therefore, case law to consider: *Celotex Corp. v. Catrett*, 477

5  U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds

6  no merit in this case matter. The Federal Insurance Company

7  under the Defendant's Crime Insurance Policy, should be provided

8  by the Defendant (hereinafter the "Federal Policy", and

9  therefore the Defendant has sustained no loss in this action,

10  nor did the Plaintiff caused any hurt or harm to the Defendant,

11  the Defendant caused this action or judgment upon itself (The

12  Agency) by not completely understanding the law or just by

13  refusing to obey the law *see* Fed. Rules Civ.Proc. Rule 17, 28

14  USCA and complete understanding of Federal Regulation 111 ALR,

15  Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

16

17      End of Complaint:

18

19

20      Sam L. Clemmons, Plaintiff Pro se
        548 Saint Charles Place
21      Brookhaven, MS 39601

22

23

24

25

1    **CC:** www.usps.com for tracking purposes

2    United States Attorney General
          **Express Mail #: EQ 242464107 US**
3    U.S. Attorney
          **Express Mail #: EQ 242464098 US**
4    Department of Defense Security Administration
          **Express Mail #: EQ 242464115 US**
5    The Rainbow Push Collation
          **Express Mail #: EQ 242463296 US**
6    The NAACP Chapter for the District of Columbia
7          **Express Mail #: EQ 242463305 US**
     Mary L. Lee, Paralegal;
8          **Certified Mail #: 7005 0390 0002 2211 2578**
     George Tillman, Paralegal
9          **Express Mail #: EQ 241268295 US**
     United State District Court of the District of Columbia;
10          **Express Mail #: EQ 242463375 US**
     Records

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Appendix I

# Transportation Security Screener Candidates
## Applicant Information and Instructions

08/20/2002

Samuel L. Clemmons
2304 Glenridge Stratford Drive  P.O. Box 28558
Atlanta, GA  30342

You have been invited to participate in an assessment for a position with the Transportation
Security Administration, U.S. Department of Transportation (DOT).

**The time and a date of your assessment have already been confirmed.** If you have any
questions about your assessment schedule, you may contact our Customer Service Center at the
phone number listed below.

The first part of the assessment is a four-hour computer-based training examination. Check-in for
the assessment starts **one half hour** before the start of the exam. You may not be allowed to sit
for the exam if you arrive more than 15 minutes after the scheduled registration. The assessment
will last a day and a half.

You must be prepared to show two (2) forms of personal identification. Both must have your
signature, and one of the two must have your photo. Failure to present the required identification
may disqualify you from the assessment process.

In addition, you will find enclosed the following materials:

- Standard Form (SF) 85P Questionnaire for Public Trust Positions
- Standard Form (SF) 93 Report of Medical History
- List of acceptable documents to verify identity

**PLEASE REVIEW THESE MATERIALS CAREFULLY. ALL OF THE FORMS IN
THIS PACKAGE MUST BE COMPLETELY AND LEGIBLY FILLED OUT. YOU
MUST BRING THE COMPLETED FORMS WITH YOU TO THE ASSESSMENT.** If you
have any questions regarding the assessment process, please contact our Customer Service
Center at 1-888-328-6172 (the TTY line is 1-877-343-9287).

06 0518

FILED

MAR 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Tanisha Jacob_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

_Tanisha Jacob_     9 9 03

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

_DEPT OF TRANSPORTATION_
_DOT'S FREEDOM OF INFO_
_RECORD MANAGEMENT SEC_
_WASHINGTON, DC 20537_

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered  ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)     7002 3150 0005 0347 6311

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

*Sam L. Clemmons*
*548 Saint Charles PL*
*Brookhaven, MS 39601*
*1-866-409-7758*

July 8, 2005

Transportation Security Administration
Freedom of Information Section
Record Management Section
**Attn: Patricia M. Riep-Dice**
**601 South 12th Street, TSA-20**
Arlington, VA 22202

**Re: Request Number TSA 04-0539**

Dear Ms. Riep-Dice:

I am submitting this request to you again to release all information according to the request number as stated above and the full results of my background investigation according to the Freedom of Information Act, 5 U.S.C. 552.

Let the record show that this is not my first request but several request, requesting the release of my records for further review.

I have also attached a copy of such regulation that shows the time frame when such agency have to release requested information according to the federal law. Please review such paragraph concerning regular processing. Since the first initial request on December 20, 2003, it has been well over such timeframe in which you should have released such information according to the law.

Since this matter of review is so important into reviewing the record, I am enclosing a money order in the amount of $25.00 if needed.

Within the next few days, according to the law, I will be expecting to have such complete file for further review in my custody.

Once again for the record, my honesty was in my application and by me passing the all phases in the application process. I had nothing wrong in my background that should have prevent me from becoming apart of this agency.

Sincerely,

Samuel L. Clemmons
TSA Applicant
Enclosures (3)



**UNITED STATES POSTAL SERVICE®** ＣＵＳＴＯＭＥＲ'Ｓ ＲＥＣＥＩＰＴ

KEEP THIS
RECEIPT FOR
YOUR RECORDS

PAY TO TRANSPORTATION SECURITY ADM.
ADDRESS 601 SOUTH 12TH STREET, TSA-20
ARLINGTON, VA 22202
C.O.D. OR
USED FOR REQUEST # TSA 04-0559

SEE BACK OF THIS RECEIPT
FOR IMPORTANT CLAIM
INFORMATION

**NOT NEGOTIABLE**

SERIAL NUMBER 08563193357    YEAR, MONTH, DAY 2005-07-06    POST OFFICE 301440    $ AMOUNT 25.00    CLERK 0005

**UNITED STATES POSTAL SERVICE®** ＰＯＳＴＡＬ ＭＯＮＥＹ ＯＲＤＥＲ    15-800 000

SERIAL NUMBER 08563193357    YEAR, MONTH, DAY 2005-07-06    POST OFFICE 301440    ONE DOLLARS AND CENTS $$$25$00¢

TWENTY FIVE DOLLARS & 00¢ ************

AMOUNT

PAY TO TRANSPORTATION SECURITY ADM
ADDRESS 601 SOUTH 12TH STREET, TSA 20
ARLINGTON, VA 22202
C.O.D. NO. OR
USED FOR REQUEST # TSA 04-0559

NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS
SEE REVERSE WARNING

FROM SAM CLEMMONS
ADDRESS 579 SAINT CHARLES PL
BROOKHAVEN, MS 39601

CLERK 0005

⑆000000800⑆    08563193357⑈

Agencies Requirements in responding to releasing FOIA Requests:
Discovered May 20, 2005

You may also submit your request to the OIG by fax or electronic mail.
The fax number is (703)248-4626 and the electronic mailbox is
foia@uspsoig.gov. The OIG will begin processing your request upon
receipt by the FOIA Officer.

### How to make a FOIA Request #

You may make a FOIA request for any agency records; however, the records may
be protected by one of the FOIA exemptions or exclusions. You must submit
your FOIA request in writing and prominently note, "Freedom of Information Act
Request" on the first page. Your FOIA request should describe the records sought
in sufficient detail to enable us to locate the records with a reasonable amount of
effort. Whenever possible, you should include specific information about each
record sought, such as the date, number, title or name, author, recipient, and
subject matter of the record.
Please be aware that the FOIA does not require us to do research for you,
to analyze data, to answer written questions, or to create records in
response to a request.

### Time for Response #

We have three methods for responding to your FOIA request. The methods,
which have different response times, are regular processing, expedited
processing, and extended response time processing. A request is deemed to
have been received by the OIG for purposes of computing time for response at
the time is actually received by the FOIA Officer.

#### *Regular Processing*

Once your FOIA request is received, a determination will be made within twenty
days (excluding Saturday, Sundays, and legal public holidays) whether to
disclose or deny the records sought.

#### *Expedited Processing*

You may be entitled to expedited processing of your FOIA request if you certify
that you have a compelling need. A compelling need may be a threat to
someone's life or physical safety. You may also have a compelling need if you
are primarily engaged in disseminating information to the public and the
information is urgently needed to inform the public concerning actual or alleged
Federal Government activity. The request for expedited processing must include
your reasons why your request should be expedited. You should also certify that
your reasons are true and correct. Within ten days after receiving your request,
you will be notified regarding the decision to expedite your request. If we decide
to expedite your request, it will be processed as soon as practicable. If we deny
your request for expedited processing, you have the right to submit an appeal,
which we will handle expeditiously.

### Extended Response Time Processing

Under the FOIA, we may extend the response time for an additional ten business days based upon unusual circumstances involved in the request, such as the volume of records sought.

### Fees #

We will furnish, without charge, reasonable quantities of material that we have available for free distribution to the public. Under the FOIA, we are permitted to charge certain fees for processing FOIA requests. Fees may vary depending on the requester's category. Commercial requesters may be charged fees for searching, reviewing, and duplicating records. Noncommercial requesters, such as educational or scientific institutions and the news media, are only charged for the duplicating expenses, after the first 100 pages of copies. All other requesters who do not fall within either of these two categories are not charged for the review of the records, only for the search and duplication of the records. No charge is assessed for the first two hours of search time or for the first 100 pages of copies.

### Fees $10.00 or less

If the total fee for searching, reviewing, and duplicating is $10.00 or less no fee is assessed.

### Fees $25.00 or more

If you do not include an acceptable agreement to pay the fees at the time of your request, we will promptly notify you if the estimated cost for processing your request is expected to exceed $25.00. Once you provide us with an agreement to pay all fees, we will release the records.

### Fees over $250.00

If the estimated fees exceed $250.00, we may require you to pay the fees in advance.

### Fee Waivers

We may waive fees, if the disclosure of the requested information contributes significantly to the public's understanding of the operation or activities of the government and is not primarily in the commercial interest of the requester.

**Initial Request Determination #**

Once we have processed your request and any fee issues have been resolved, we will send you a written notice explaining our determination to disclose or deny records. If information is being withheld, we will specify the FOIA exemption that pertains to the denial. You will also be advised of your right to appeal any adverse determination. If pages of the requested information are withheld in their entirety, we will usually specify the number of pages being withheld or will make a reasonable effort to estimate the amount of withheld information.

**Appeals#**

When we deny records or a fee waiver, you may file an appeal in writing to:

U.S. Department of Homeland Security

Freedom of Information Act
and Privacy Act Division
601 South 12th Street, TSA-20
Arlington, VA 22202

December 10, 2003

TSA04-0539

Mr. Sam Clemmons
2304 Glenridge Dr.
Atlanta , GA 30342

 **Transportation
Security
Administration**

Dear Mr. Clemmons:

This letter concerns your request dated July 15, 2003, pursuant to the Freedom of
Information/Privacy Act.

In order to process your request and protect your privacy, we ask that you provide the following
statement for us to verify your identity. We will accept a fax of this statement to begin the
process, however, an "original" signed version must be mailed to our office to allow us to
release the information being requested. Please mail the "original" signed version to the
Freedom of Information/Privacy Division, TSA Headquarters, East Tower, 4th Floor, TSA-20,
601 South 12th Street, Arlington, VA 22202-4220. Our fax number is 571-227-1946. If we do
not receive an original signed statement within 30 days, we will assume that you no longer
require the information and your request will be administratively closed.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct, that I am the person named above, and I understand that any
falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a
fine of not more than $10,000 or by imprisonment of not more than five years or both, and that
requesting or obtaining any record(s) under false pretenses is punishable under the provisions of
5 U.S.C. 552(i)(3) by fine of not more than $5,000.

Signature _____    Date _12/20/03_

If you have any questions concerning your request, please call (866) 364-2872 and reference the
identification number listed above.

Sincerely,

Patricia M. Riep-Dice
Associate Director
Freedom of Information Act/Privacy Act Division
Office of Security

# FEDERAL DRUG TESTING CUSTODY AND CONTROL FORM

American Medical Laboratories, Inc.®
14225 Newbrook Drive
P.O. Box 10841
Chantilly, Virginia 20153-0841
703-802-6900 • 800-852-9528



**STEP 1: TO BE COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE** ▲ LABORATORY ACCESSION NO. ▲

A. Employer Name, Address and I.D. No.
CHS/ATL
HARTSFIELD ATLANTA INT'L
8229 BOONE BLVD SUITE 700
VIENNA, VA 22182
P:703-760-0700 F:703 288-5495

B. MRO Name, Address, Phone and Fax No.
20613- 11883
CHS/NES PROGRAM
LYNN SHEFFER, MD
8229 BOONE BLVD #700
VIENNA, VA 22182
703-760-0700   FAX 1703-288-5495

CODE

C. Donor SSN or Employee I.D. No.

D. Reason for Test: ☒ Pre-employment ☐ Random ☐ Reasonable Suspicion/Cause ☐ Post Accident
☐ Return to Duty ☐ Follow-up ☐ OTHER (specify) _____

E. Drug Tests to be performed: ☒ THC, COC, PCP, OPI, AMP ☐ THC & COC Only ☐ Other (specify) _____

F. Collection Site Address:
WESTIN PEACHTREE
210 PEACHTREE STREET, NW        ATLANTA GA 30307

Collector Phone No. _____
Collector Fax No. 703-288-5495

**STEP 2: COMPLETED BY COLLECTOR**

| Read specimen temperature within 4 minutes. Is temperature between 90° and 100°F? ☒ Yes ☐ No, Enter Remark | Specimen Collection: ☒ Split ☐ Single ☐ None Provided (Enter Remark) | ☐ Observed (Enter Remark) |
|---|---|---|

REMARKS _____

**STEP 3:** Collector affixes bottle seal(s) to bottle(s). Collector dates seal(s). Donor initials seal(s). Donor completes STEP 5 on Copy 2 (MRO Copy)

**STEP 4: CHAIN OF CUSTODY - INITIATED BY COLLECTOR AND COMPLETED BY LABORATORY**

I certify that the specimen given to me by the donor identified in the certification section on Copy 2 of this form was collected, labeled, sealed and released to the Delivery Service noted in accordance with applicable Federal requirements.

X _____ Signature of Collector

_____ (PRINT) Collector's Name (First, MI, Last)

☐ AM ☐ PM Time of Collection ▶

Date (Mo./Day/Yr.)

SPECIMEN BOTTLE(S) RELEASED TO:
_____
Name of Delivery Service Transferring Specimen to Lab

RECEIVED AT LAB:

X _____ Signature of Accessioner ▶

_____ (PRINT) Accessioner's Name (First, MI, Last)   Date (Mo./Day/Yr.) ▶

Primary Specimen Bottle Seal Intact
☐ Yes
☐ No, Enter Remark Below

SPECIMEN BOTTLE(S) RELEASED TO:

**STEP 5: COMPLETED BY DONOR**

I certify that I provided my urine specimen to the collector; that I have not adulterated it in any manner; each specimen bottle used was sealed with a tamper evident seal in my presence; and that the information provided on this form and on the label affixed to each specimen bottle is correct.

X _____ Signature of Donor

_____ (PRINT) Donor's Name (First, MI, Last)

Daytime Phone No. (___) _____   Evening Phone No. (___) _____   Date of Birth __/__/__

Should the results of the laboratory tests for the specimen identified by this form be confirmed positive, the Medical Review Officer will contact you to ask about prescriptions and over-the-counter medications you may have taken. Therefore, you may want to make a list of those medications for your own records. THIS LIST IS NOT NECESSARY. If you choose to make a list, do so either on a separate piece of paper or on the back of your copy (Copy 5). —DO NOT PROVIDE THIS INFORMATION ON THE BACK OF ANY OTHER COPY OF THE FORM. TAKE COPY 5 WITH YOU.

**STEP 6: COMPLETED BY MEDICAL REVIEW OFFICER - PRIMARY SPECIMEN**

In accordance with applicable Federal requirements, my determination/verification is:
☐ NEGATIVE ☐ POSITIVE ☐ TEST CANCELLED ☐ REFUSAL TO TEST BECAUSE:
☐ DILUTE ☐ ADULTERATED ☐ SUBSTITUTED

REMARKS _____

X _____ Signature of Medical Review Officer

_____ (PRINT) Medical Review Officer's Name (First, MI, Last)   __/__/__ Date (Mo./Day/Yr.)

**STEP 7: COMPLETED BY MEDICAL REVIEW OFFICER - SPLIT SPECIMEN**

In accordance with applicable Federal requirements, my determination/verification for the split specimen (if tested) is:
☐ RECONFIRMED ☐ FAILED TO RECONFIRM - REASON _____

_____ Signature of Medical Review Officer

_____ (PRINT) Medical Review Officer's Name (First, MI, Last)   __/__/__ Date (Mo./Day/Yr.)

**COPY 5 - DONOR COPY**

(23)

U.S. DEPARTMENT OF TRANSPORTATION
TRANSPORTATION SECURITY ADMINISTRATION
400 7th STREET
WASHINGTON, D.C. 20590

Date: _09/03/02_    Testing Location: _Atlanta_

Name: _Clemmons, Samuel_

SSN: _427-08-_

Candidate ID #: _3059583_

*Congratulations!* You have successfully passed all of the assessments for consideration for an appointment as a _Lead Transportation Security Screener_ in the Department of Transportation, Transportation Security Administration.

At this time, you will be placed in a **Ready Pool** of candidates. This Ready Pool will provide the Department of Transportation (DOT), Transportation Security Administration (TSA) with individuals who can be rapidly trained and placed at the airports. As positions and training dates become available, TSA will draw first from the Ready Pool to fill these positions. The order of filling these jobs from the Ready Pool will be based on selective factors required to meet TSA staffing needs. These factors include workforce requirements and job-related experience and certifications. We will continue to process your background investigation for the necessary security clearance. **It is recommended that you NOT resign or give immediate notice to resign from your current place of employment until you receive an official offer of employment.**

An appointment to this position is contingent upon the successful results of your security background investigation, urinalysis drug test, any outstanding medical information results, and the successful completion of the required training.

Frequently, applicants ask questions about the nature of the background investigation and about problems that may surface in it. The following information is intended to answer the questions, which are asked more often:

- The purpose of the background investigation is to ensure that applicants meet the TSA's personnel security standards. Background investigations are extremely thorough. At a minimum, the TSA will ensure that your credit history is satisfactory and that you do not have a criminal history. We will contact regional credit bureaus where you have lived, and conduct checks of local law enforcement agencies for jurisdictions in which you have resided, attended school, or been employed. Also, if you have served in the military, we will review your military records.

- We will withdraw an employment offer if the investigation reveals information that precludes a security and/or suitability clearance (e.g., serious credit problems, abuse of alcohol, history of illegal drug use outside of TSA guidelines, misrepresentations during the application process, etc.) In addition, applicants who have been convicted of a felony or domestic violence charge or who display a lack of candor during any phase of the hiring process will be automatically disqualified from further consideration.

- The TSA, which is firmly committed to a drug-free society and work place, realizes that qualified individuals may have used illegal drugs at some point in their past. It is the policy of the TSA that prospective employees will be required to pass a urinalysis test, which screens illegal drug use prior to final appointment.

It creates significant hardship for both the TSA and the candidate, who has passed all of the assessments, if the offer must be withdrawn at the end of the background process. To prevent such hardship, we want to alert you to these potential problems now, at the outset, and invite you to discuss any concerns you may have. If you have any concerns you wish to discuss, please contact a Human Resources staff member at the TSA Assessment Center immediately.

If you find that you are no longer interested in this position or unable to meet the conditions of employment, please notify a Human Resources staff member at 1 (888) 218-1555.

Thank you for your interest in employment with TSA. Should you be called for an appointment, you should find here a great opportunity for public service and a distinguished career in transportation security.

_Carla Scott_

Human Resources Representative

Accepted: _[signature]_

(Applicant Signature)

**RECEIVED**

MAR 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT