UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS<br>548 SAINT CHARLES PL<br>BROOKHAVEN, MS 39601<br><br>vs.<br><br>U.S. Dept. of Homeland Security<br>**Attn: Director in Charge**<br>**Office of FOIA and Privacy Act**<br>601 South 12th Street, TSA-20<br>Arlington, VA 22202 | ) CIVIL ACTION NO:<br>)<br>)<br>) 1: 06CV00518 (RCL)<br>)<br>) REVISED COPY<br>)<br>)<br>)<br>) |

## FOIA COMPLAINT VIOLATIONS & OTHERS

Comes Samuel L. Clemmons, Jr. file this civil complaint in District Court for the District of Columbia against the U.S. Department of Homeland Security and two federal employees, employed within such agency for violation of the United States Title Code, Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC Se552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S. Executive Order 10450, 10865, 12333, and 12356; section 3301 and 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42, U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4) (3)(d) and part 5, 732 section 736 of Title 5, The Code of Federal Regulation and any denial of appeals submitted under the Freedom of Information Act (FOIA) to retrieve and review privileged personal records of information under the Plaintiff's personal identification.

The Defendant has denied the Plaintiff review of the record according to the Freedom of Information Act and the Defendant may be in violation of statue: 28 U.S.C. § 1333, and § 129 2(a)(3).

**RECEIVED**

OCT 5 – 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1  In this complaint let it be known and let it stand according to the law of § 111 ALR, Fed.
2  295, giving or receiving false information to any Federal Departments or Agency is consider a
3  violation of 18 U.S.C.A § 1001 (2)(15)(34); making it a criminal offense to make false
4  statements and deny career employment in any matter under jurisdiction of the departments or
5  agency of the United States of America.
6  The Plaintiff states in this complaint that the Plaintiff submitted such Freedom of
7  Information Act request to the defendant by fax, certified mail and Fed Ex Express delivery on
8  the following dates requesting a copy of the Plaintiff's **complete** record for review and
9  correction.
10  The Plaintiff mail the first request by certified mail delivery on September 9, 2003 with a
11  tracking number listed as 7002 3150 0005 0347 6311. This request was signed and accepted by
12  Tanisha Jacob.
13  The Plaintiff mail a second request on December 20, 2003, after receiving the Freedom of
14  Information Act communication letter from Patricia M. Riep-Dice, Associate Director signed by
15  another federal employee on December 10, 2003 assigning a request number of TSA04-0539.
16  The Plaintiff has sent other regular mail communication requesting the records sought under the
17  act. As of this date this complaint is written and filed within the courts the Plaintiff still has not
18  received the **complete** but detail national security background investigation records for review
19  and rebuttal.
20  On July 12, 2005, the Plaintiff Fed Ex Express service delivery another request with a
21  tracking number of 851143709141 under the same Freedom of Information Act request to the
22  Defendant attached with a **$25.00** money order with the money order serial number as being
23  08563193357. The Plaintiff express service this request requesting the Freedom of Information

Act record # TSA04-0539 at The Transportation Security Administration, Attn: Patricia M. Riep-Dice, Office of Record Management Section FOIA and Privacy, 601 South, 12th Street, TSA 20, Arlington, VA 22202 such delivery was accepted and signed by N. Duncan at 10:11 a.m.

As the courts can see, the Defendants had well enough time to comply according to the law stated below.

The law states: Each agency, upon any request for records made under paragraph (1), (2), or (3) of the Freedom of Information Act, shall determine within **20 days** (excepting Saturday, Sunday, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person or plaintiff making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination. It is known that if such agency wishes not to release such information the person or plaintiff must file a complaint in the District Court of the United States in the district in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such case as this one the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of the Freedom of Information Act, and the burden is on the agency to sustain its action.

The Plaintiff states and admits in this court that there is a very strange sign of fraud and withholding the truth from the Plaintiff; therefore, the Plaintiff is fully requesting such record sought for complete review in this court of law.

The Plaintiff's Freedom of Information request was submitted in a timely manner and such requests were intentionally denied and withheld due to many unknown reasons. That is causing this civil lawsuit in the District Court for the District of Columbia in the amount of **$300,000.00** (three hundred thousand dollars). This amount requested in accordance with back pay entitlement against such agency for violation of the law under the Freedom of Information Act under § 5 U.S.C.A. § 552, and allegedly for providing false information under an ordered federal investigation. Therefore, holding the defendant to be in violation of prohibit personnel practice under the United States Code 5 U.S.C. § 2302(b) (8).

On July 18, 2005 (approximately three years later) the agency sent a written communication (letter) signed by Catrina M. Pavlik, Associate Director of the Freedom of Information Act and Privacy Act Division denying the Plaintiff's appointment after the Plaintiff passed all written and all phases of the selection process. Now the Defendant wishes to advise the Plaintiff that such test results have expired as of August 24, 2002. This expiration was not mention doing any pervious communication. For example, not even on December 10, 2002 upon the Plaintiff making such request for the complete records under the Freedom of Information Act. (See case Law and related cases of: *Price Waterhouse v. Hopkins*, Supreme Court of the United States, 1989.490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268; *United States v. Detroit Timber & Lumber Co.,* 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499; and Case law: **Supreme Court of the United States, United States v. Georgia et al., Nos. 04-1203,04-1236** ). As mention and stated in the case laws above, one should considered in those cases that there are

four requirements that should apply to this case matter before the courts to take into consideration, they are: (1) The Plaintiff is a member of a protected class. (2) The Plaintiff applied and was qualified for the job or position in question. (3) The Plaintiff was rejected by the employer, and (4) the employer did continue to seek applicants for the position or filled the position with a person not in a protected class or someone with lesser qualifications as the Plaintiff. Disparate-Treatment Discrimination should apply as well in rendering a decision in this matter before the courts.

The Plaintiff states, if such is confirmed through this court that such wrongful information does exist in the agency's records and wrongful employment practice tactics does exist. After the courts have reviewed such record under the matter of *de novo*. Let the facts be known and confirmed that the Defendant's agency intentionally, wrongfully, willfully, deliberately, maliciously, gave the Plaintiff's wrongful information. There is also a great possibility that the Defendant have given others within the federal government or agencies misleading information to ruin the Plaintiff's career and such summary judgment is needed and hold merit in favor of the Plaintiff.

The Plaintiff express to the court that whatever there maybe to overlook the Plaintiff in not honoring the Plaintiff with a career position the Plaintiff was never contacted regarding any derogatory information there may be in the Plaintiff's background investigation records.

If additional damages have been caused due to the Defendant's negligent act in not providing the requestor the record sought according to the law stated in this complaint. The Defendant should be also be held accountable of crimes such as identity theft, identify fraud, theft by deception and deformation of character. (See statue: U.C.A. 1953, 76-6-405, 76-6-1102 and ***State v. Ross***, 951 P.2d 236, 241 (Utah Ct. App. 1997). Once again, the Defendant never

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA & Privacy Division, 601 South 12th

Case 1:06-cv-00518-RCL    Document 3    Filed 10/05/2006    Page 6 of 13

6

gave or allowed the Plaintiff a chance to review such record sought or to dispute any derogatory information that may exit in the Plaintiff's record.

The Plaintiff surrendered all his personal information in **good faith** and expected the Defendant to return information found or sought in good faith according to the Freedom of Information Act laws.

To validate the Plaintiff's claim the Plaintiff provide this timeline of events in additional to the Plaintiff pervious requests:

On August 24, 2002, the Plaintiff passed the electronic portion of the assessment process. The Plaintiff was given an offer to return to complete more testing for this position.

On September 03, 2002, the Plaintiff returned to complete the remaining requirements needed to obtain a position and career within the United States Department of Transportation, which is the Homeland Security Administration (Transportation Security Administration). On this date after the Plaintiff passed the physical and medical screening and other test required. The Plaintiff was given a **conditional offer** to employment by Human Resources Representative Carla Scott (*See the attached conditional offer*). Ms. Scott advised the Plaintiff after discussing salary and accepting the offer for employment, Ms. Scott informed the Plaintiff that he would be placed in a ready pool along with other applicants. The Plaintiff and others information will sit in a pending status while the Plaintiff's security background investigation will be conducted. The Plaintiff was advised that he **will** be called for employment base on the Plaintiff's standing among his peers who have applied and competed for the same position during this phase of testing and screening and the Plaintiff's veteran status as being 10 points with preferences.

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA & Privacy Division. 601 South 12th

Both the Plaintiff and Ms. Scott could not see any reasons at all why the Plaintiff would not be call or did not qualify. According to the information the Plaintiff gave the Plaintiff informed Ms. Scott that he has never had any problems or issues in relating to his background or his character.

As of this date, the Plaintiff still has not been called for this position or any other positions that may be suitable to the plaintiff's skills and qualifications. It is a suspect that this denial is due to possible fraudulent security matters or concern that may be or exist in the Plaintiff's background that has been withheld from the Plaintiff and refused to be release by the Transportation Security Administration (Homeland Security Administration)

Now with the complaint being file in the District Court for the District of Columbia for Freedom of Information Act violation. The burden of proof is for the court to administrative the law and for the Defendant to prove that such information was not requested by the Plaintiff. If such information was requested by the Plaintiff the Defendant would have to honored the Freedom of Information Act request and allowed the Plaintiff to review all records sought in its entirely.

The Plaintiff states if this civil action cannot be settled out of court. The Plaintiff is asking for a civil trial before his peers (jury trial). At trial all facts set forth in this complaint should be revealed. All the issues along with the **FACTS** set forth in this case should be release for a jury to rule base on the issues and facts provided according to the Freedom of Information Act as of this date the compliant is filed and logged into United States District Court's system. The Plaintiff is aware that the Defendants have to agree to bring this matter before a jury to review the facts.

The Plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

In closing, the Plaintiff wishes to make it known to the Defendant that when a court or a jury to consider a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). The Plaintiff wishes to advised the Defendant to consider case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: <u>Anthony v. United States</u>, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, the Defendant must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this particular case before the courts the nonmoving party (the Plaintiff) has expressed evidence. The Plaintiff has given names, dates and key information that no one knows but the Defendant knows to support the Plaintiff's claim; therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the Defendant's Crime Insurance Policy, should be provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff caused any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency) by not completely understanding the law or just by refusing to obey the law *see* <u>Fed. Rules Civ.Proc. Rule 17, 28 USCA</u> and complete understanding of Federal Regulation <u>111 ALR, Fed. 295</u> and <u>18 U.S.C.A § 1001 (2)(15)(34)</u>.

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA & Privacy Division, 601 South 12th

End of Complaint:

                                        Respectfully Submitted,

                                        Sam L. Clemmons,
                                        Plaintiff, *Pro se*
                                        548 Saint Charles Place
                                        Brookhaven, MS 39601

      **CC:** www.usps.com for tracking purposes

United States Attorney General
      **Express Mail #: EQ 236 240 649 US**
U.S. Attorney
      **Express Mail #: EQ 236 240 653 US**
Homeland Security Administration & Office of FOIA and Privacy Division
      **Express Mail #: EQ 236 240 666 US**
The Rainbow Push Collation
      **Express Mail #: EQ 242 463 296 US**
The NAACP Chapter for the District of Columbia
      **Express Mail #: EQ 242 463 305 US**
Mary L. Lee, Paralegal;
      **Certified Mail #: 7005 0390 0002 2211 2578**
George Tillman, Paralegal
      **Express Mail #: EQ 241 268 295 US**
United State District Court of the District of Columbia;
      **Express Mail #: EQ 242 463 375 US**
Records

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601

CIVIL ACTION NO: _____

V

U.S. Department of Homeland Security
**Attn: Director in Charge**
**Office of FOIA and Privacy Act**
601 South 12th Street, TSA-20
Arlington, VA 22202

## AFFIDAVIT OF SERVICE

I, _____, hereby declare that on the _____ of _____ 20_____, I mailed a copy of the summons and complaint, certified mail return receipt requested, to _____ (the plaintiff's requested attorney). Attached hereto is the green card acknowledging service.

Staple the green card here. Make sure it
Bears the original signature of the person
Who signed for the summon and complaint
**STAPLE GREEN CARD IN THIS AREA**

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA & Privacy Division, 601 South 12th

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS )
)
Vs. )  Civil Action No. 06 0518 RCL
)
DEPT. OF HOME LAND SECURITY )
)
Defendant(s) )

## CONSENT TO PROCEED BEFORE
## A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

In accordance with the provisions of 28 U.S.C. § 636(c)(3), the parties to the above-captioned civil matter by and with the advice of their counsel hereby voluntarily waive their rights to proceed before a District Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial.

_____           _____
Attorney for the Plaintiff(s)                    Date


_____           _____
Attorney for the Defendant(s)                   Date

NOTICE: The foregoing Consent by Counsel shall be accepted upon the understanding that all counsel have secured the consent of their respective clients to the Consent and Referral to a United States Magistrate Judge for all purposes.

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that the above-captioned matter be referred to a United Sates Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C.§ 636(c)(3) and the foregoing consent of the parties.

_____           _____
United States District Judge                     Date

NOTE:   RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED
        TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE.

CO-942B
Rev 3/95
Rev 7/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

**NOTICE OF RIGHT TO CONSENT TO TRIAL
BEFORE UNITED STATES MAGISTRATE JUDGE**

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

**WHAT IS THE PROCEDURE?**

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are <u>not</u> foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

**WHAT IS THE ADVANTAGE?**

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **4th day and the 5th of October 2006**, a true copy of the **SUMMONS AND ORGINIAL AND REVISED VERSION OF PLAINTIFF'S COMPLAINT** were served by Express mail concerning case # 1:06CV00518 (RCL):

To: The Following:

Department of Homeland Security
Attn: Director in Charge
601 South 12th Street, TSA-20
Arlington, VA 22202

U.S. Attorney General Office
950 Pennsylvania Ave, NW
Washington, DC 20530

U.S. Attorney Office
501 3rd Street, NW
Washington, DC 20001

And


District Court for the District of Columbia
**Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

*[signature]*
Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601