UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-518 (RCL) |
| ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
### FOR ENTRY OF DEFAULT

Federal Defendants, by and through counsel, the United States Attorney for the District of Columbia, respectfully opposes Plaintiff's Motion for Entry of Default (Dkt. No. 8). For the following reasons, Plaintiff's motion is without merit, and should be denied.

A.  **DEFENDANT'S TIMELY FILED A MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

In his Motion, Plaintiff incorrectly claims that the Defendants failed to timely Answer or otherwise respond to the Complaint in this matter. In fact, Defendants filed a Motion for Extension of time to respond to Plaintiff's Amended Complaint on October 31, 2006 within thirty days of the filing of and alleged service of Plaintiff's Amended Complaint. (Dkt. No. 4) . Plaintiff states in his motion for default that he effectuated proper service of the Amended Complaint on October 6, 2006, thus making defendants response due on November 6, 2006 (Plaintiff's Motion, p. 2). The court's civil docket shows return of service/affidavit of plaintiff's summons and complaint served on the U.S. Attorney on October 6, 2006, answer due November 5, 2006 (Dkt. No. 5).

Without waiving any defenses with regard to whether plaintiff in fact executed proper service on defendants or whether plaintiff's amended complaint was in fact only a FOIA complaint thus requiring a response within thirty days, the October 31, 2006 filing of a motion for enlargement of time on defendants' behalf was filed within thirty days of alleged service, thus making defendants' response timely even under the arguments stated in plaintiff's motion. Plaintiff's motion is, therefore, without merit.

B.  BECAUSE PLAINTIFF CANNOT ESTABLISH A CLAIM OR RIGHT TO RELIEF, THE ENTRY OF DEFAULT IS NOT PROPER.

Finally, before a default judgment can be entered against the United States government, or an officer or agency thereof, Plaintiff must "establish his claim or right to relief by evidence satisfactory to the court." Simmons v. U.S. Parole Commission, 590 F.Supp. 1221, 1222 (D.D.C. 1984). See also Fed. R. Civ. P. 55 (e); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (standard for dismissal); and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (standards for summary judgment). Here, Plaintiff has not alleged, nor can he, that he exhausted his administrative remedies pursuant to the FOIA and the FTCA, including filing the required FOIA appeal to the Department of Justice Office of Information and Privacy ("OIP"), nor can he establish a legal basis for any of the causes of action alleged under the FTCA.[1/] Accordingly Plaintiff's Motion for Entry of Default should be denied because this Court is without jurisdiction to entertain his complaint, and because Plaintiff's complaint fails to set forth any claim upon which relief can be granted.

WHEREFORE, for all of the foregoing reasons, Plaintiff's Motion for Entry of Default is without legal or factual basis, and should be denied.

---

[1/]  Federal Defendants anticipate filing a Motion to Dismiss raising these defenses, as well as others.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
ALEXANDER D. SHOAIBI, D.C. BAR # 423587
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 514-7236

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 20, 2006, the foregoing Federal Defendants' Opposition to Plaintiff's Motion for Entry of Default and proposed order were sent, by first-class mail, postage pre-paid, to the Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

/s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney