## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS | ) CIVIL ACTION NO: |
| | ) |
| | ) |
| vs. | ) 1: 06CV00518 (RCL) |
| | ) **REVISED COPY** |
| U.S. DEPT. OF HOMELAND SECURITY | ) |
| | ) |
| | ) |
| _____ | ) |

**RECEIVED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUEST TO ENTER DEFAULT AFTER THE PLAINTIFF'S MOTION REQUEST TO ENTER AFFIDAVIT OF SERVICE IN SUPPORT OF PLAINTIFF'S MOTION REQUEST BEFORE THE CLERK TO ENTER DEFAULT DUE TO THE DEFENDANTS' FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANTS IN DEFAULT FOR FAILURES TO OBEY COURT'S INSTRUCTIONS AFTER BEING PROPERLY SERVED.

Comes now Sam L. Clemmons, *Pro Se*, file this Motion Request to Enter Discovery after the Plaintiff has field proper Affidavit of Service in Support of Default showing the Defendants were properly served. As of this date this motion is filed within the Court, the Plaintiff has not received any communication from the Defendants concerning entering an appearance before the Court. The Plaintiff has not received any requests requesting an enlargement of time to response to the complaint or any Court's orders or instruction granting any such enlargement of time; therefore, causing the Plaintiff to file these actions and request before this honorable court to place such Defendants in default according to Civ.R. 55(b). Therefore, the Plaintiff moves forth by filing this Motion Request to Enter Discovery to bring this case to a close according to the law.

As a reminder to the Defendants, the Plaintiff expresses according to the laws and rules of the Court under Civ.R. 50(b) and (c) (2), 52 (b), 59 (b), (d) and (e), and 60(b), except to extent and under conditions stated in them. Civ.R. 6(b). The rules of the law states that time may be extended by the Court according to Civ. R. 6 (d). As stated previously as of this date this motion is filed within the Court the Plaintiff has not received any electronic notice of timely filing by the Defendants nor has the Plaintiff received any communication from the Court granting such Defendants an extension in time for the Defendants. Therefore, the Plaintiff assumes according to the proper procedures and record that the Defendants are in default. Unless they come forth with substantiate evidence to overturn or show good cause why they should not be in default.

The Plaintiff moves forth after serving the Defendants the Plaintiff's Affidavit of Service in Support of Default and now enter the Plaintiff's Motion Request to Enter Discovery in support of the Plaintiff's entry to enter default against the Defendants by the clerk according to Civ.R. 55(b).

The Plaintiff Enters this Motion to Enter Discovery by returning <u>39 pages</u> of evidences for the record back to the Defendants attached with proof provided by the Plaintiff to support all Plaintiff's actions to act and support such actions by the Court as explained and stated in the Plaintiff's initial complaint before this honorable court.

The Plaintiff will set forth in these disclosures by entering such Exhibits as numbers **[1 – 12].** These Exhibits will show the Court, Jury and the Defendant's Counsel all the communication expressed before the Court in the Plaintiff's initial complaint as accurate, true and verified correct.

After such review of the facts presented by the Plaintiff, the Plaintiff is requesting for Summary Judgment by default or Summary Judgment in whole but in favor of the Plaintiff should exist and this case should be brought to a close as soon as possible according to the laws

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA & Privacy Division, 601 South 12th Street, TSA-20, Arlington, VA 22202

under the Freedom of Information Act. Unless the Defendants or the Defendant's Counsel can come forth with substantiate evidence to justify their actions under the Freedom of Information Act were accurate, true and correct.

### THE PLAINTIFF'S EXHIBITS ARE AS FOLLOWS:

The Plaintiff enters **Exhibit # 1** for the record: **Exhibit # 1** are two pages showing the Court, Jury and the Defendant's Counsel the initial communication from the Defendants establishing the foundation in this complaint which is entitled "Applicant Information and Instructions dated 08/20/2002.

The Plaintiff enters **Exhibit # 2** for the record: **Exhibit # 2** are two pages showing the Court, Jury and the Defendant's Counsel the conditional offer as expressed and explained in the Plaintiff's initial complaint before this Court.

The Plaintiff enters **Exhibit # 3** for the record: **Exhibit # 3** is the donor copy of the Plaintiff's drug test which is a strong indication for potential hire.

The Plaintiff enters **Exhibit # 4** for the record: **Exhibit # 4** is a certified return receipt showing the Court an indication of the Plaintiff continuous attempts to obtain information under the Freedom of Information Act show such article was signed by the Department of Transportation, DOT's Freedom Of Information, Records Management Section, Washington, DC 20537 on September 9, 2003. As of this date which is November 17, 2006, three years from this date the Plaintiff still have not received the records sought to correct his private record under the Freedom of Information Act. This delay alone should justify the court to rule accordingly granting the Plaintiff full recovery award as requested in the Plaintiff initial complaint. The award amount should be after taxes.

The Plaintiff enters **Exhibit # 5** for the record: **Exhibit # 5** is a certified true copy from the Transportation Security Administration showing a strong indication or receipt of the Plaintiff's request in connection to a letter sent by the Plaintiff on July 15, 2003 with a response date showing December 10, 2003. This is also a strong indication performed by the Defendants of an illegal stall tactic to produce or release information sought by the Plaintiff according to the laws under the Freedom of Information Act.

The Plaintiff enters **Exhibit # 6** for the record: **Exhibit # 6** two pages for the record showing certified true copies of communication from the Defendants showing continuous stall tactics by the Defendants.

The Plaintiff enters **Exhibit # 7** for the record: **Exhibit # 7** consist of two pages for the record dated December 10, 2003 showing once again certified true copies of communication from the Defendants showing continuous stall tactics by the Defendants.

The Plaintiff enters **Exhibit # 8** for the record: **Exhibit # 8** consist of two pages for the record dated April 7, 2004 showing once again certified true copies of communication from the Defendants showing continuous stall tactics by the Defendants.

The Plaintiff enters **Exhibit # 9** for the record: **Exhibit # 9** consist of two pages for the record dated April 15, 2004 consist of two pages for the record showing once again certified true copies of communication from the Defendants showing continuous stall tactics by the Defendants but in this communication the Defendant now states that a search within the Transportation Security Administration (TSA) was conducted and no records were found responsive to your (Plaintiff) request.

This communication alone draws red flags when the Plaintiff sought his complete background investigation report to confirm information that this agency or Defendant may have

discovered. This is a refusal to release such information to the Plaintiff and after all the stall tactics performed by the Defendants the Plaintiff filed his appeal in the United States District Court for the District of Columbia seeking full release of the background investigation report for the record. Such copies of such record should have been released 20 days after the Plaintiff placed his initial request. This is fully a violation of the law.

The Plaintiff enters **Exhibit # 10** into the record: **Exhibit # 10** consists of six pages including a page showing the money order in the amount of $25.00 requesting the full but complete record of the Plaintiff under the Freedom of Information Act as of July 8, 2005. As the Court, Jury and Defendant's Counsel can fully see that is this the Plaintiff second formal attempt to retrieve such records sought. The Plaintiff feels with paying the fees of $25.00 this will completely resolve the issues for relief as the Court can see it did not.

The Plaintiff enters **Exhibit # 11** into the record: **Exhibit # 11** consist of two pages which are certified true copies of a response from the Transportation Security Administration response from the Defendants with a date stamped of July 18, 2005 which is in correspondence to the Plaintiff's letter dated July 8, 2005 as mention in Exhibit # 10.

The Plaintiff enters **Exhibit # 12** into the record: **Exhibit # 12** consist of three pages which are certified true copies of a response from the Transportation Security Administration response from the Defendant with a date stamped of July 18, 2005 which is a denial of the Plaintiff's request under the Freedom of Information Act. As the Court, Jury and the Defendant's Counsel can see strange but fraudulent activities resulting in this response in relating to the other responses.

1    This communication as well as the other communication the Plaintiff has provided the

2    Court, Jury and the Defendant's Counsel that the Plaintiff's complaint before this honorable

3    court is 100% truthful and correct with no other arguments needed or provided by the Plaintiff.

4    In these documents provided to the Court, Jury and the Defendant's Counsel anyone can

5    see that there is a valid indication of wrongful conduct and violation of the Fed. Rules Civ.Proc.

6    Rule 17, 28 USCA and Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001

7    (2)(15)(34).

8

9    Therefore, after full review of the facts in this case the Court, Jury and the Defendant's

10    Counsel should question why the Plaintiff wasn't hired for this position base on the Plaintiff's

11    skills and qualification required by law and such law showing the Plaintiff was or is fully

12    qualified for such position or career.

13    As one can see by the Defendant's response to the Plaintiff expressing under the Freedom

14    of Information Act that no response is needed is a strong indication of fraudulent activity or a

15    truthful cover up or withholding information which now clearly makes and makes such

16    Defendants to be link to other cases pending before this of wrongdoing that are link to cases such

17    as case numbers 1:05CV02353 (RCL); 1:06CV00304 (RCL); 1:06CV00510 (RCL);

18    1:06CV00305 (RCL); 1:06CV01286 (RCL); 1:06CV01657 (RCL); 1:06CV01536 (RCL) and

19    1:06CV00008 (RCL). Which are all cases the Plaintiff has proven wrongdoing by all these

20    Defendants which may have played a strong impact or influence in not honoring the Plaintiff's

21    position under the conditional offer for employment.

22    The Defendants in the above mention cases are either in default status or failed to release

23    creditable evidence to justify their behavior creating a case number assigned by this honorable

24    court.

25

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA & Privacy Division, 601 South 12th
Street, TSA-20, Arlington, VA 22202

If the Defendant (Homeland Security Administration) used any of those Defendants information tools or methods to discredit the Plaintiff for the Position the Plaintiff was fully qualified to perform then that makes the Defendants in this case number 1: 06CV00518 (RCL) to be an accessory to the criminal acts performed by the Defendants from those agencies.

The Plaintiff was never notified and requested to verify, rebuttal or appeal anything that may have been negative from the Plaintiff's background investigation. This is not in accordance with the law.

In closing, the Plaintiff still wish to make it known to the Defendants that when a court or a jury to consider a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). The Plaintiff wishes to advised the Defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, the Defendant must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this particular case before the courts the nonmoving party (the Plaintiff) has expressed evidence and has provided evidence. The Plaintiff has provided the court with certified true documentation to support the Plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the Defendant's Crime Insurance Policy, should be provided to the Court by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff caused any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency)

by not completely understanding the law or just by refusing to obey the law *see* <u>Fed. Rules</u>

<u>Civ.Proc. Rule 17, 28 USCA</u>. See complete understanding of Federal Regulation <u>111 ALR, Fed.</u>

<u>295</u> and <u>18 U.S.C.A § 1001 (2)(15)(34)</u> and the attached Freedom of Information Act law as

stated and provided to the Defendants in **<u>Exhibit # 10</u>**.

       End of Motion Request to Enter Discovery:

                    Respectfully Submitted,

                    Sam L. Clemmons,
                    Plaintiff, *Pro se*
                    548 Saint Charles Place
                    Brookhaven, MS 39601

**<u>See Attachment:</u>**

       Proposed Order

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | **CIVIL ACTION NO:** |
| PLAINTIFF | ) | |
| | ) | |
| vs. | ) | **1: 06CV00518 (RCL)** |
| | ) | |
| | ) | |
| U.S. DEPT. OF HOMELAND SECURITY | ) | |
| DEFENDANT | ) | |

### ORDER

Upon consideration of the Plaintiff's Motion requests for Judgment by Default after entering confirmed facts against the Defendant's actions for failing to response and for failures in obeying the Court's instructions. The Plaintiff has demonstrated good cause shown by means of Affidavit Service filed in a timely manner and Plaintiff's Motion Request to Enter Discovery revealing substantiate evidence as expressed in the Plaintiff's initial complaint.

The Plaintiff's <u>ORDER</u> requests should be granted according to the laws of the Freedom of Information Act.

IT IS HEREBY ORDERED that any of the Defendant's Motions requests will be DENIED. It is also ORDERED that any of the Defendant's Motion requests to dismiss will be DENIED. The Plaintiff's Motion Request to move forth for Summary Judgment by Default is <u>GRANTED</u>.

SO ORDERED this _____ day of_____ 2006

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Sam Clemmons, *Pro Se*
548 Saint Charles PL
Brookhaven, MS 39601

Department of Homeland Security
Attn: Director in Charge
601 South 12th Street, TSA-20
Arlington, VA 22202

U.S. Attorney General Office
950 Pennsylvania Ave, NW
Washington, DC 20530

U.S. Attorney Office
501 3rd Street, NW
Washington, DC 20001

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that on this 17th of November 2006, a true copy of the PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUEST TO ENTER DEFAULT AFTER THE PLAINTIFF'S MOTION REQUEST TO ENTER AFFIDAVIT OF SERVICE IN SUPPORT OF PLAINTIFF'S MOTION REQUEST BEFORE THE CLERK TO ENTER DEFAULT DUE TO THE DEFENDANTS' FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANTS IN DEFAULT FOR FAILURES TO OBEY COURT'S INSTRUCTIONS AFTER BEING PROPERLY SERVED was served by regular first class mail concerning case # 1:06CV00518 (RCL):**

To: The Following:

Department of Homeland Security
Attn: Director in Charge
601 South 12th Street, TSA-20
Arlington, VA 22202

U.S. Attorney General Office
950 Pennsylvania Ave, NW
Washington, DC 20530

U.S. Attorney Office
501 3rd Street, NW
Washington, DC 20001

And

District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601

52