## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:06-518 (RCL) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

Federal Defendant United States Department of Homeland Security, by and through

undersigned counsel, hereby move for dismissal of all claims pursuant to 12(b)(1) and 12(b)(6)

of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state

a claim upon which relief can be granted.  In support of this Motion, the Court is referred to the

accompanying Memorandum of Points and Authorities attached hereto.

Plaintiff should take notice that any factual assertions contained in the attached

Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as

true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting

the assertions therein.[1]  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

---

[1]/    Exhibits are attached and relied upon for the limited purpose of allowing the Court to
determine whether it has subject matter jurisdiction over certain claims.  It is well-established
that extraneous evidence may be used to challenge the Court's jurisdiction without converting the
motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947);
Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v.
Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp.
4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120

Furthermore, should this Court treat Federal Defendants' Motion to Dismiss as a Motion for Summary Judgment because of the documents attached, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (*pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

---

(D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

January 5, 2006                          Respectfully submitted,


_____
JEFFREY TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
ALEXANDER D. SHOAIBI, D.C. BAR # 423587
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202)514-7236

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAM CLEMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   C.A. No.:06-518 (RCL) |
| | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS**

In a revised amended complaint filed October 6, 2006 against "the U.S. Department of Homeland Security and two federal employees, employed within such agency," Plaintiff Samuel Clemmons claims that he was wrongfully denied records that he properly requested under the Freedom of Information Act. Plaintiff further seeks $300,000 "in accordance with back pay entitlement" for alleged violation of the Freedom of Information Act. (see the unnumbered fourth page of Plaintiff's October 6, 2006 Complaint).

Plaintiff's revised Amended Complaint, liberally read, seems to allege that the Federal Defendants violated the Freedom of Information Act ("FOIA") in withholding negative information regarding Plaintiff's background, which information Defendant allegedly relied upon in denying Plaintiff a job with the Transportation Security Administration (TSA). Adding further complexity to his confusing pleading, Plaintiff makes reference to an allegation that employees of the Department of Homeland Security (DHS) committed fraud and other intentional torts by relying upon false information when conducting a background check of Plaintiff during the course of his application for a job.

Plaintiff's complaint should be dismissed because it is without factual or legal merit.

## FACTUAL BACKGROUND

### FOIA Request TSA04-0539

In a letter dated July 15, 2003, the Plaintiff submitted a request to the Department of Transportation (DOT) for access to any information "you may have had to alter your decision to bring me on board in this career opportunity." Exhibit A. By letter dated October 17, 2003, DOT acknowledged receipt of the Plaintiff's FOIA request on October 1, 2003, and informed the Plaintiff that his request had been forwarded to the TSA, the appropriate agency to handle the request. Exhibit B. TSA received Plaintiff's request on December 5, 2003, and assigned it FOIA request number TSA04-0539. Exhibit C.

In its December 10, 2003 letter to Plaintiff, TSA informed him that in order to process his request the agency required a statement verifying his identity. This letter also advised the Plaintiff that if the agency did "not receive an original signed statement within 30 days" the agency would assume Plaintiff no longer required the information and, as a result, would administratively close his request. On January 21, 2004, TSA closed its files on Plaintiff's FOIA request TSA 04- 0539, because of non-receipt of this statement. Exhibit N, ¶ 8.

### FOIA Request TSA04-0904

TSA subsequently located Plaintiff's statement verifying his identity. Exhibit D. Upon discovery, TSA determined to treat this as a new request and annotated on Plaintiff's July 15, 2003 FOIA request that TSA received this "new" request on April 7, 2004. TSA also assigned Plaintiff's request a new FOIA request number – TSA04-0904. Exhibit E. By letter dated April 7, 2004, TSA sent Plaintiff a letter acknowledging TSA's receipt of his July 15, 2003 FOIA request. This letter reflected the new FOIA request number as TSA04-0904. Exhibit F.

In a letter dated April 15, 2004, TSA informed the Plaintiff that a search conducted by

2

TSA found no records responsive to his request.  That same letter informed Plaintiff of his right to appeal this determination within 60 days.  This letter mistakenly reflected the original FOIA request number TSA04-0539 instead of the new FOIA request number TSA04-0904.  Exhibit G.  TSA has no record that Plaintiff ever appealed the determination that no responsive records were found.  Exhibit N, ¶ 11.

### FOIA Request TSA05-0773

By letter dated July 8, 2005, the Plaintiff, referring to his original FOIA request number TSA04-0539, requested all information as earlier requested and the full results of his background investigation.  Exhibit H.  In a July 18, 2005 letter, TSA acknowledged receipt of Plaintiff's July 8, 2005 FOIA request and assigned it FOIA request number TSA05-0773.  Exhibit I.  Also, by separate letter dated July 18, 2005, TSA informed Plaintiff that a search within the agency revealed one document that the agency was releasing to Plaintiff in its entirety.  Exhibit J.

### Scope of Search and Description of Responsive Records

.     On August 24, 2002, Plaintiff applied for the position of Lead Transportation Security Screener with TSA in Atlanta, Georgia.  Plaintiff passed the initial assessment and was advised to return to the assessment center on September 3, 2002, for the second phase of the assessment.  Exhibit K.  Plaintiff returned to the assessment center on September 3, 2002 and successfully completed the remaining assessments for consideration as a Lead Transportation Security Screener.  Plaintiff was then informed that he would be placed in a "Ready Pool" of candidates, that is, a group of individuals upon which TSA could draw upon in order to fill positions as they became available.  Exhibit L.

### Applicant Assessment Records

As mentioned above, Plaintiff requested any records that may have caused TSA "to alter your decision to bring me on board" (TSA04-0539), and, in addition to any such records, "the full results of my background investigation" (TSA05-0773).  There are two types of records that would be responsive to this request, applicant assessment records and background investigation

3

records.  The Office of Human Resources maintains all records associated with the screener applicant assessments.  The Personnel Security Division, Office of Security, maintains all records pertaining to background investigations.  Accordingly, the FOIA Office tasked both of these offices to search for records.  As described, only one record was located and released to the Plaintiff.  Exhibit N, ¶ 17.

As noted above, Plaintiff successfully completed all assessment phases and was placed in the ready pool of applicants.  Accordingly, the record search conducted by the Office of Human Capital produced no assessment records that negatively reflected on Plaintiff's standing to be a viable candidate for a Lead Transportation Security Screener position. Exhibit N, ¶ 18.

In response to TSA05-0773, TSA identified and released one responsive record (1 page) to Plaintiff.  See Exhibit M.  While this record is "about" Plaintiff, it actually is not responsive to the request, since it shows that Plaintiff successfully completed a series of pre-employment assessments and thus contains no information that negatively reflects upon his employment application.  A handwritten note on the record indicated that the test results had expired.  This note was transcribed onto the record by the Office of Human Resources at the time it was located in response to request TSA05-0773.  In responding to this request, the FOIA Office, at the suggestion of the Office of Human Resources, used this opportunity to inform Plaintiff that his test results expired and to provide him with a TSA point-of-contact relative to reapplying for a position with TSA.  See Defendant's letter to Plaintiff dated July 18, 2005 (Exhibit J).

### Background Investigation Records

As noted above, Plaintiff successfully completed the assessment phases and was placed in a "Ready Pool" of candidates.  The assessment process included a credit check and a preliminary background check.  TSA only initiated full background investigations for those Ready Pool candidates selected to fill a vacant position.  During the administrative processing of these requests, as well as the review of the entire administrative record for purposes of this declaration,

FOIA specialists for TSA did not locate any records of a background investigation of Plaintiff or any records indicating that Plaintiff ever received a job offer from TSA that would have triggered such an investigation.  In order to verify the adequacy of the search for any background investigation records reflecting negatively on Plaintiff, TSA's FOIA Officer instructed the Personnel Security Division, during the week of November 12, 2006, to conduct a new search for records about Plaintiff.  Using Plaintiff's name and social security number as search terms, the Personnel Security Division conducted a new search of the Office's records to include a search of the Background Investigation Tracking System (BITS).  The Personnel Security Division uses BITS to manage and track the status of personnel background investigations conducted by the U.S. Office of Personnel Management and thus was queried to determine whether TSA had ever initiated a full background investigation of Plaintiff.  This search produced no records pertaining to Plaintiff. Exhibit N,  ¶¶ 20, 21, and 22.

## ARGUMENT

### I.     STANDARD OF REVIEW

In making determinations on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F. Supp. 2d 125, 131 (D.D.C. April 2001) (citing Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001)); see also Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998) (stating that the Court must view alleged facts in the light most favorable to the Plaintiff when determining a motion to dismiss under Federal Civil Rule 12(b)(6)).[1/]  In other words, the plaintiff's complaint must be "liberally construed," and all

---

[1/]     Under the Rule 8(a), a pleading must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); see also Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) ("The 'short and plain statement' must provide the defendants with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Even within the liberal pro se context, Plaintiff must still comply with the basic requirements of the Federal Rules

inferences that can be derived from the facts as they are alleged must be granted in favor of the plaintiff. Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979); In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F.Supp. 914, 915 (D.D.C. 1994). It is particularly true that a complaint must be liberally construed when the plaintiff proceeds *pro se*. See Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000). However, while it is necessary for the Court to construe the Amended Complaint in Plaintiff's favor, the Court "need not accept inferences drawn by the plaintiff[ ] if such inferences are not supported by the facts set out in the complaint." Kowal v. MCI Communications, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Furthermore, the Court is not required to accept plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). Even when proceeding *pro se*, a plaintiff still must give "defendant fair notice of the plaintiff's claim and the grounds upon which it rests." Ali v. District of Columbia, 278 F.3d 1, 8 (D.C. Cir. 2002). A complaint should be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 46.

In making determinations on a motion to dismiss under Fed. R. Civ. P. 12(b)(1), Plaintiff clearly bears the burden of establishing subject matter jurisdiction, Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982), as well as the burden of establishing personal jurisdiction over the individually named Defendants. Dickson v. United States, 831 F.

---

of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (*citing* Haines v. Kerner, 404 U.S. 519, 596 (1972)); see also Brown v. Califano, 75 F.R.D. 497, 498 ("The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, [and] prepare an adequate defense"). Where a complainant fails to meet the requirements of Rule 8(a), the Amended Complaint may be properly dismissed for wholly failing to state a cause of action. Tripati v. Williams, 759 F. Supp. 3, 4 (D.D.C. 1990) ("[E]ven a pro se complainant is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action.") (*quoting* Brown, 75 F.R.D. at 498). In any event, because dismissal would otherwise be appropriate on the merits under Rules 12(b)(1) and 12(b)(6), the Court need not address Plaintiff's failure to meet the minimum procedural standards of pleading under Rule 8(a).

Supp. 893, 896-897 (D.D.C. 1993), aff'd 48 F.3d 562 (D.C. Cir. 1995). Requests for dismissal for lack of subject matter jurisdiction pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim. A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert, 974 F.2d at 197. Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.[2]

Applying these standards here demonstrates that Plaintiff's Amended Complaint should be dismissed in its entirety. Plaintiff fails to establish a right to relief even when the facts as he alleges them are accepted as true.[3] Accordingly, Plaintiff's Amended Complaint should be dismissed.

## II.    PLAINTIFF'S FOIA CLAIMS ARE BARRED.

### A.    Individuals Are Not Proper Party Defendants in FOIA Litigation.

In this purported FOIA lawsuit, Plaintiff states that he is filing his complaint "against two federal employees" without specifically naming or making specific allegations of wrongdoing against any individuals.[4] Even if Plaintiff's FOIA cause of action could survive a motion to

---

[2]    It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

[3]    Defendant, of course, does not concede that the factual allegations in the Amended Complaint are true and in fact would dispute many of them if this matter could survive.

[4]    The caption of the Amended Complaint names the U.S. Department of Homeland Security as defendant. The first paragraph of the Amended Complaint, however, states that it is being filed against the DHS and "two federal employees." The body of the Amended Complaint mentions four other DHS employees: Tanisha Jacob Amended Compl. at p. 2, line 13, Patricia M. Riep-Dice, Amended Compl. at p. 2, line15, Catrina Pavlik, Amended Compl. at p.3, line 14,

7

dismiss for failure to exhaust administrative remedies, because a FOIA action may be brought

only against an "agency," this lawsuit should be dismissed as against any individual Defendants.

The FOIA grants district courts jurisdiction to enjoin an agency from improperly withholding

agency records.  5 U.S.C. § 552(a)(4)(B).  The term "agency," for purposes of the statute, is

defined as:

> Any Executive department, military department, Government corporation,
> Government-controlled corporation, or other establishment in the executive branch
> of the government . . . or any independent regulatory agency.

5 U.S.C. § 552(f).  The term "Executive department" is further defined in Title 5 as a cabinet-

level agency.  5 U.S.C. § 105.  DHS is included in the list of cabinet-level agencies that fall under

the definition of "Executive department."  Id.  Therefore, DHS is the proper defendant to a FOIA

action seeking records held by the DHS.

Moreover, the Court lacks subject-matter jurisdiction to enforce the FOIA against

individuals.  Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006); Stone v. FBI,

816 F. Supp. 782, 785 (D.D.C. 1993); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C.

1991); Sherwood Van Lines v. Dep't of the Navy, 732 F. Supp. 240, 241 (D.D.C. 1990).

Consistent with these decisions, to the extent that Plaintiff is naming any individual as a defendant

to his FOIA claim, Plaintiff fails to state a claim within the jurisdiction of this Court, and

dismissal is proper pursuant to Rule 12(b)(1).

## B.    Plaintiff Failed to Exhaust His Administrative Remedies under the FOIA.

Because "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit

under FOIA . . . a requester under FOIA must file an administrative appeal within the time limit

---

and Carla Scott, Amended Compl. at p.6, line 16.  Even if Plaintiff could sue individual
government employees under the FOIA, which he cannot, he would still be required to serve
process upon the individual employees, whether he was suing them in their official capacity, Fed.
R. Civ. P. 4(i)(2)(A), or in their individual capacities, Fed. R. Civ. P. 4(i)(2)(B).   To date,
neither of the individuals vaguely referenced in plaintiff's Amended Complaint were served with
a copy of the Amended Complaint.

specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response." Wilbur v. C.I.A., 355 F.3d 675, 676 (D.C. Cir. 2004). It is axiomatic that "exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.'" Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990); Am. Fed'n of Gov't Employees v. Dep't of Commerce, 907 F.2d 203, 209 (D.C.Cir.1990); Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 366 (D.C. Cir. 1985). Thus, a FOIA requester must follow the agency's published regulations governing FOIA requests. See 5 U.S.C. § 552(a)(3). If a requester fails "to follow the procedures set forth in the [agency] regulations, [he] has failed to make a proper request under the FOIA and therefore has failed to exhaust [his] administrative remedies." Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995). Furthermore, exhaustion of administrative remedies is required before seeking judicial review, "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Oglesby, 920 F.2d at 61. See also Hidalgo v. F.B.I., 344 F.3d 1256, 1259 (D.C. Cir. 2003) (the FOIA's administrative scheme "favors treating failure to exhaust as a bar to judicial review"). When a Plaintiff has failed to exhaust administrative remedies prior to filing suit, dismissal under Rule 12(b)(6) is proper. See Id. at 1258-59 (dismissing plaintiff's complaint for failure to exhaust under Rule 12(b)(6) and not under Rule 12(b)(1), because exhaustion is "precedential" and not "jurisdictional").

Here, Department of Homeland Security regulations specifically provide that a plaintiff must file an administrative appeal within sixty days of an adverse determination by the DHS. See 6 C.F.R. § 5.9. In this case, Plaintiff was advised of the procedural requirement to file an appeal within 60 days of the agency's response to Plaintiff's FOIA request. See Letter from TSA to Sam Clemmons, dated April 15, 2004 attached as Ex. G.[5/]   Rather than file an appeal of the DHS's

---

[5/]     Defendant more than adequately notified Plaintiff of his right to administratively appeal any adverse decision by the DHS. In responding to a FOIA request, an agency is required to provide requesters with information about any adverse decisions. *5 U.S.C. § 552(a)(6)(F); 28 C.F.R. § 16.6 (2004)*. *Inter alia*, when the agency withholds requested materials, the agency

response to his FOIA request, Plaintiff sent a letter referencing his original request number of TSA04-0539 purporting to be a "request to you once again to release all information according to the request number as stated above (TSA04-0539) and the full results of my background investigation according to Freedom of Information Act, 5 U.S.C. 552." <u>See</u> Letter from Sam Clemmons to TSA, dated July 8, 2005, attached as Ex. H. This letter was not sent by Plaintiff within the 60 day time limit. <u>See</u> Exs. G, H, Declaration of Anastazia Taylor, (Taylor Decl.) attached as Exhibit N.

Although Plaintiff's July 8, 2005 letter merely repeats his original request without correctly following the process for administrative appeal explained in Defendant's April 15, 2005 letter responding to that request, Defendant assigned it a new FOIA request number, and proceeded to release the only document in its possession even remotely responsive to the additional language of Plaintiff's July 8, 2005 letter, which asked for release of "the full results of (plaintiff's) background investigation." Exs. H and J. The document released to Plaintiff simply indicates that although Plaintiff successfully completed a series of pre-employment assessments, the test results had expired. Rather than producing records reflecting negatively on his job

_____

must inform the plaintiff of his right to administrative appeal. <u>See</u> <u>Oglesby</u>, 920 F.2d at 67; <u>Nurse v. Sec'y of the Air Force</u>, 231 F. Supp. 2d 323, 328 (<i>citing</i> <u>Hudgins v. IRS</u>, 620 F. Supp. 19, 21 (D.D.C. 1985), <u>aff'd</u> 808 F.2d 137 (D.C. Cir. 1987)). However, there are no "magic words" required to notify the requester of his right to administrative appeal. <u>Kay v. FCC</u>, 884 F. Supp. 1, 2-3 (D.D.C. 1995). The <u>Kay</u> Court found that an agency

> response letter [that] gave the Plaintiff notice of his right to secure further agency review of the adverse determination, of the manner in which he could exercise that right, of the time limits for filing such a request, and of the regulatory provisions containing general procedures pertaining to review     applications. . . . more than adequately fulfilled the purposes behind the notice provision and exhaustion requirement.

<u>Id</u>. Defendant's April 15, 2005 letter to Plaintiff notified Plaintiff of his right of appeal, the manner in which he could exercise that right, the time limits for doing so, and the regulations pertaining to his right of appeal. <u>See</u> Letter from DHS to Sam Clemmons, dated April 15, 2005 attached as Ex. G. Accordingly, Defendant's letter "more than adequately" discharged Defendant's duty to notify Plaintiff of the administrative remedies necessary prior to filing this lawsuit. <u>See</u> <u>id</u>.

application, the Defendant actually provided Plaintiff with the information necessary to be retested and to reapply, due to the expired test results found in the document released. Ex. J. As described in the Taylor Declaration, no background investigation (criminal history) records were located with respect to the preliminary background investigation as evidenced by the fact that Plaintiff was placed in the Ready Pool of prospective applicants. In addition, TSA only initiated full background investigations on Ready Pool applicants selected to fill available positions. Plaintiff was never selected from the Ready Pool to fill a position and thus no records pertaining to a full background investigation were located. Ex. N. ¶¶16, 18, 20, 21.

Plaintiff had been advised by Defendant of the procedure for administrative appeal the first time he requested "any information you may have had to alter your decision to bring me on board in this career opportunity. See Defendant's April 15, 2004 letter to Plaintiff attached at Exhibit G. Plaintiff failed to follow the procedures outlined in that letter for administrative appeal of Defendant's decision, and again failed to follow those procedures following the July 18, 2005 response to his second FOIA request, which was largely repetitive of the first.

In addition, Plaintiff's action does not create a "constructive exhaustion" of his administrative remedies, thereby permitting direct judicial review of the TSA's response. In order to claim "constructive exhaustion," Plaintiff must show (1) that the agency failed to respond to the FOIA request within the 20 day time period mandated by 5 U.S.C. § 552(a)(6)(A)(i), see Judicial Watch v. U.S. Nat'l Observatory, 160 F. Supp. 2d 111, 113 (D.D.C. 2001) (stating in dictum the principle of "constructive exhaustion"); and (2) that he administratively appealed the agency's failure to respond to his request – and thereby exhausted the administrative appeals process – before filing a lawsuit. See Oglesby, 920 F.2d at 61-65. In "constructive exhaustion" cases, the court reviews only the agency's failure to respond, and not the legal substance of a withholding under an appropriate FOIA exception. See id.; accord Hidalgo, 344 F.3d at 1259-60 (holding that dismissal under Rule 12(b)(6) was proper where plaintiff's complaint raised substantive issues not yet determined by the FBI, and an OIP appeal merely dealt with the issue of the FBI's failure to

11

timely respond to plaintiff's request). Indeed, an agency's failure to comply with the statutory deadline of 20 days neither empowers nor requires the Court to ignore statutory exemptions and compel the agency to produce withheld documents. Judicial Watch v. U.S. Postal Serv., 297 F. Supp. 2d 252, 270 (D.D.C. 2004). Moreover, a requestor's right to immediate judicial review of an agency's failure to timely respond to a FOIA request lapses if the agency responds at any time before the FOIA lawsuit is filed. See Judicial Watch v. Rossotti, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (holding that a late response "render[s] moot the issue of the Government's timeliness"); Judicial Watch v. FBI, 190 F. Supp. 2d at 33.

Applying these principles in this case, Plaintiff cannot assert any "constructive exhaustion" where Defendant responded to Plaintiff's FOIA request (see Exs. G and J), and Plaintiff never appealed to the TSA See Ex. N. Accordingly, there is no factual or legal basis to support a "constructive exhaustion" argument, and Plaintiff's Amended Complaint must be dismissed.

### C.    Monetary Damages Are Not Recoverable Under the FOIA.

Plaintiff's Amended Complaint seeks $300,000 in damages. Even if Plaintiff's FOIA cause of action could survive dismissal for failure to exhaust administrative remedies, the FOIA does not provide for the recovery of damages. The sole remedy under the FOIA is an injunction enjoining an agency from withholding requested information. 5 U.S.C. § (a)(4)(B); see also Johnson v. Executive Office of the United States Attorneys, 310 F.3d 771, 777 (D.C.Cir.2002) (upholding lower court dismissal, affirming that the FOIA "provides requesters with the potential for injunctive relief only"). Indeed, under the FOIA, a plaintiff proceeding *pro se* is not even entitled to an award of attorneys' fees. Benavides v. Bureau of Prisons, 993 F.2d 257, 259-60 (D.C. Cir. 1993). Therefore, the Court lacks subject-matter jurisdiction under FOIA to award $300,000 in damages to Plaintiff, and dismissal is proper. See Kuffel, 862 F. Supp. at 1120, 1127 (cited *supra*, note 2).

### III.   PLAINTIFF'S ALLEGED TORT CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiff appears to allege tort claims, including: "misleading information to ruin the Plaintiff's career," (Amended Compl. p. 5, line15), and "identity theft, identify [sic] fraud, theft by deception, and deformation [sic] of character," (Amended Compl p, 5, line 23.)  To the extent that Plaintiff's confusing accusations constitute causes of action sounding in tort, such causes of action must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The United States has not waived sovereign immunity for such tort causes of action, and to the extent any of Plaintiff's claims are cognizable under the Federal Tort Claims Act ("FTCA"), Plaintiff has failed to exhaust his administrative remedies.

### A.     The Sole Defendant to an FTCA Claim is the United States.

The Plaintiff bears the burden of proving subject-matter jurisdiction of this Court.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936); Dist. Of Columbia Ret. Bd. v. United States, 657 F. Supp. 428 431 (D.D.C. 1987).  It is a bedrock requirement of subject-matter jurisdiction that the United States, as sovereign, is immune from suit except as it consents to be sued, and the terms of its consent to be sued define a court's jurisdiction to entertain suit.  See United States v. Mitchell, 445 U.S. 535, 538 (1980); United Stated v. Sherwood, 312 U.S. 584, 586 (1941).  In the context of tort claims against the United States, the FTCA represents a limited waiver of sovereign immunity.  28 U.S.C. §§ 1346(b) and 2671-80.  For a plaintiff suing a federal agency or employee acting within the scope of his official duty, the sole available remedy is to pursue an action against the United States under the FTCA.  Bancoult v. McNamara, 370 F. Supp. 2d 1, 10 (D.D.C. 2004).

Plaintiff has named the DHS and made allegations against individual federal employees not specifically identified as defendants in his Amended Complaint.  Plaintiff's alleged tort claims are improper because the United States is the only proper defendant to a suit under the Federal Tort Claims Act.  See 28 U.S.C. § 2679(a); see also Cox v. Sec'y of Labor, 739 F. Supp. 28, 29

(D.D.C. 1990) (dismissing an FTCA suit against the Secretary of Labor for lack of subject-matter jurisdiction because only the United States is a proper defendant to such suits); Hagmeyer v. Dep't of Treasury, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (same regarding an FTCA claim against the Department of Treasury)

**B.     Plaintiff's Tort Claims Are Barred by the FTCA.**

The United States' waiver of sovereign immunity under the FTCA is subject to certain exemptions, one of which is applicable here:  The United States may not be sued for "libel, slander, misrepresentation, deceit . . . ."  28 U.S.C. § 2680(h); see also Council on American Islamic Relations v. Ballenger, 444 F.3d 659, 666 (D.C. Cir. 2006); Art Metal-U.S.A. v. United States, 753 F.2d 1151, 1154 n.3, 1156 n.8 (D.C. Cir. 1985); Benvenuti v. Dep't of Defense, 587 F. Supp. 348, 352 (D.D.C. 1984).  Defamation is encompassed in this exception.  See Hosey v. Jacobik, 966 F. Supp. 12, 15 (D.D.C. 1997) (defamation is "simply a broader term for slander and libel," and accordingly, is a type of claim for which the United States may not be sued).  Thus, Plaintiff's allegation of "deformation [sic] of character" must be dismissed because there has been no waiver of sovereign immunity.

With respect to Plaintiff's allegations of "misuse or abuse of the plaintiff's information," "misleading information to ruin the plaintiff's career," "identity theft, identify [sic] fraud, theft by deception, and deformation [sic] of character," such claims are claims for deceitful conduct, and are also barred.[6/]  Even if Plaintiff had properly named the United States as defendant for these

---

[6/]     These claims are more difficult to address because they lack clarity.  It is unclear from the face of the *pro se* Amended Complaint whether the "misuse or abuse of the plaintiff's information," "wrongful information to mislead and ruin the plaintiff's career," "identity theft, identify [sic] fraud, theft by deception, and deformation [sic] of character" claims relate to the defamation or slander claims, or attempt to allege separate causes of action.  Certainly such acts as identity theft and identity fraud may qualify as criminal conduct.  Indeed, Plaintiff seems to rely on Utah criminal code and case law to support his identity theft, identity fraud, theft by deception, and defamation claims.  See Amended Compl. at P.5, line 23.  However, such criminal conduct is squarely outside the realm of this Civil Court.  See Cort v. Ash, 422 U.S. 66, 79-80 (holding that a "bare criminal statute," without more, does not create a private cause of action).  Liberally construing *pro se* Plaintiff's attempt at pleading, however, these allegations are

14

claims, the FTCA does not afford a waiver of sovereign immunity for "any claim arising out of . . . deceit." 28 U.S.C. § 2680(h). Accordingly, to the extent that Plaintiff raises tort claims that are not defamation claims, these tort claims arise out of alleged deceit by Defendant, and are also barred. 28 U.S.C. § 2680(h).

**C.    Plaintiff Failed to Exhaust His Administrative Remedies Under the FTCA.**

To the extent Plaintiff raises any tort claims for which the government has waived sovereign immunity under the FTCA, Plaintiff has failed to exhaust his administrative remedies, and the Court still lacks jurisdiction to entertain Plaintiff's suit. Federal law prohibits FTCA actions from proceeding unless the plaintiff has presented an administrative tort claim. 28 U.S.C. § 2675(a). Under the FTCA, a plaintiff is required, prior to the institution of suit, to present an administrative claim to the appropriate Federal agency, and the agency must "finally deny" the claim in writing. Id. Thus, the presentation of an administrative tort claim complying with Section 2675 and relevant FTCA regulations is a non-waivable jurisdictional requirement. McNeil v. United States, 508 U.S. 106, 110-13 (1993).

In the present matter, Plaintiff did not submit an administrative claim to the TSA or the DHS for the incidents alleged by him to be violations of the FTCA, as was required by published agency regulations. See Declaration of Nicholas Pannuzio, attached as Exhibit O. See also 28 C.F.R. § 14.2(a) (requiring FTCA plaintiffs to first file with the agency a timely Standard Form 95 stating their claim); 28 C.F.R. § 14.2(b)(1) (requiring plaintiffs to submit FTCA claims to the agencies whose actions gave rise to the claim). Thus, the Court lacks subject-matter jurisdiction, and Plaintiff's Amended Complaint must be dismissed.

---

essentially the same as the defamation claim, since they all arise from the single act of uncovering "issues" with respect to Plaintiff's background during the course of an alleged background investigation. Accord Shekoyan v. Sibley Int'l, 409 F.3d 414, 419 (D.C. Cir. 2005) (stating equivalence between "transaction" and "claim" when holding that claims are identical for purposes of pendant jurisdiction when they "derive[ ] from the same common nucleus of operative fact").

IV.    **PLAINTIFF'S PRIVACY ACT CLAIMS ARE BARRED**.

Plaintiff's Amended Complaint also purports to be brought under the Privacy Act.  See
Amend. Compl. at 1.  The Privacy Act of 1974 is a limited waiver of sovereign immunity and a
grant of jurisdiction to the district courts.  5 U.S.C. § 552a(g)(1)(D).  However, it does not appear
to Defendant that Plaintiff has made any specific Privacy Act claim anywhere in his Amended
Complaint.  Although the Amended Complaint purports to state a "violation of the United States
Title Code [sic], Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act," Amended
Compl. at 1, this language alone does not state a Privacy Act claim even under the liberal pleading
standard for *pro se* complaints, since it did not give the defendants notice of the grounds for the
claim as required under Fed. R. Civ. P. 8(a).  See also Conley, 355 U.S. at 47; Dura, 544 U.S. at
346.  Accordingly, Plaintiff's Amended Complaint should be dismissed.  See Tripati, 759 F.
Supp. at 4.

Alternatively, even if Plaintiff's Amended Complaint did meet the dictates of Fed. R. Civ.
P. 8(a), and could be construed to state a Privacy Act claim, Plaintiff's Privacy Act claim should
still be dismissed for failure to state a claim upon which relief can be granted.  To the extent that
any of Plaintiff's self-described FOIA claims may be liberally construed as access claims under
the Privacy Act, Plaintiff has failed to exhaust his administrative remedies.  Just as under the
FOIA, requesters of amendment and access remedies under the Privacy Act must administratively
appeal adverse determinations by an agency if published agency regulations so require.  See 5
U.S.C. 552a(f)(4); see also Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990); Hill v. U.S.
Air Force, 795 F.2d 1067, 1069 (D.C. Cir. 1986).[7]  Adverse Privacy Act determinations by DHS
must be appealed to the Associate General Counsel, General Law, DHS within 60 days.  6 C.F.R.
5.25(a)  (implementing 5 U.S.C. § 552a(f)(4) by regulation stating procedures for appeal of

---

[7]    Plaintiff cannot assert "constructive exhaustion" under the Privacy Act, because no such
exception to the statutory exhaustion requirement exists under that statute.  See Pollack v. U.S.
Dep't of Justice, 49 F.3d 115, 116 n.1 (4th Cir. 1995); see also Makuch v. Fed. Bureau of
Investigation, 2000 U.S. Dist. LEXIS 9486, *13-14 (D.D.C. Jan. 5, 2000).

adverse Privacy Act determinations by a component of the DHS).

Moreover, even if an accuracy claim or other claim for damages under the Privacy Act could be ascertained anywhere in Plaintiff's Amended Complaint, Plaintiff's claim still must fail because Plaintiff has failed to allege sufficient facts to support a claim that Defendant intentionally or willfully failed to maintain accurate records or otherwise comply with the provisions of the Privacy Act.  See 5 U.S.C. §§ 552(a)(g)(1)(C), 552(a)(g)(1)(D).  The requirement of intent or willfulness for damage claims under the Privacy Act is a standard "somewhat greater than gross negligence."  Hill, 795 F.2d at 1070.  The requirement is a formidable barrier for plaintiffs.  See Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660 (D.C. Cir. 1996) (holding that willfulness has not been shown where defendant did not exhibit "flagrant[ ] disregard" for plaintiff's privacy, and where plaintiff's behavior was not "patently egregious or unlawful."); Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987) (finding that, in order to meet the willfulness requirement, "the violation must be so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it 'unlawful.'") (quoting Wisdom v. Dep't of Housing and Urban Development, 713 F.2d 422, 425 (8th Cir. 1983), cert. denied, 465 U.S. 1021, (1984)).  To prevail in employment and personnel contexts, Privacy Act plaintiffs have had to affirmatively show more than mere mistake or inaccuracy of records maintained by federal agencies.  See, e.g., Reuber v. United States, 829 F.2d 133, 144 (D.C. Cir. 1987) (finding that agencies' maintenance of inaccurate letter of reprimand to plaintiff was not actionable under the Privacy Act in the absence of "evidence tending to show that the agencies' maintenance of the letter was anything other than a good-faith effort to preserve an unsolicited and possibly useful piece of information"); Pontecorvo v. FBI, No. 00-1511, slip. op. at 4, 10-15 (D.D.C. March 5, 2004) (finding no actionable Privacy Act violation when FBI disclosed derogatory information about plaintiff during a background check in relation to plaintiff's application for employment, because evidence did not show the FBI's disclosure was willful, even when disclosure of information was not the FBI's only or even preferred method of conducting a

background check).

In this case, Plaintiff has nakedly asserted that Defendant, "intentionally, wrongfully, willfully, deliberately, maliciously, gave the Plaintiff wrongful information....and (gave) others within the federal government or agencies misleading information to ruin the Plaintiff's career. . ." (Amended Compl. at p. 5, line 12 - 16) when Defendant allegedly performed a routine background check on Plaintiff in connection with his job application.  Plaintiff offers no colorable facts or evidence of Defendant's willful or intentional violation of Plaintiff's privacy.  See generally Amended Compl.  Rather, Plaintiff asserts that Defendant's failure to produce documents in response to Plaintiff's  FOIA requests demonstrates "a very strange sign of fraud and withholding the truth from the Plaintiff."  Amended Compl. at p. 4, line 1-2.  Plaintiff's bald legal conclusion simply does not carry Plaintiff's burden of showing Defendant's willfulness.  Notably, the Court is not required to accept Plaintiff's legal conclusions.  See Taylor, 132 F.3d at 762.

For the reasons stated, Plaintiff does not state a Privacy Act claim upon which relief can be granted, and to the extent that Plaintiff's Amended Complaint asserts a claim under the Privacy Act, it should be dismissed.[8]

---

[8]    On pages 4-5 of the Amended Complaint, Plaintiff also seems to allege discrimination under Title VII of the Civil Rights Act of 1964, although this is far from clear because Plaintiff does not cite the statute (42 U.S.C. §§ 2000e-16).  See Amended Compl. at page 4, lines 1-8. Although, a plaintiff need not allege each element of a *prima facie* case of discrimination in order to survive a motion to dismiss a Title VII claim, a plaintiff still must meet the basic pleading requirements of Federal Civil Rule 8(a) to state a claim, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (requiring that a plaintiff give defendant fair notice of the basis of plaintiff's claims); but see Muckle v. Gonzales, 2005 U.S. App. LEXIS 5799, * 3 (D.C. Cir. Mar. 21, 2005) (holding that "[t]o survive a motion to dismiss, a plaintiff in a Title VII case must allege (1) that [he] is a member of a protected class; (2) that [he] suffered an adverse employment action; and (3) that 'the unfavorable action gives rise to an inference of discrimination.'") (*citing* Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999)), and must exhaust administrative remedies prior to filing suit.  See United Air Lines v. Evans, 431 U.S. 553, 555 n.4 (1977).  In the present case, Plaintiff fails to specify his protected class.  See Amended Compl. at page 4, line 2. Plaintiff has also failed to exhaust his administrative remedies.  Accordingly, Plaintiff has failed to state a claim under Title VII, and to the extent that Plaintiff actually attempts to raise a claim under Title VII, it should be dismissed under Federal Civil Rule 12(b)(1).

### V.    THE SEARCH CONDUCTED BY TSA WAS ENTIRELY ADEQUATE

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S. App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982). To fulfill an agency's obligations under FOIA, the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). But the search need only be reasonable; it does not have to be exhaustive. Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985). In other words, "[t]he question is not 'whether there might exist any other documents, but rather whether the *search* for those documents was adequate.'" Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original). Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate. Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

Here, as explained by Anastazia Taylor, a reasonable, diligent, and adequate search was conducted of the two TSA offices most likely to maintain records responsive to Plaintiff's request. Exhibit N,. ¶ 17. These searches were conducted in good faith and were reasonably calculated to

19

uncover all responsive documents. Exhibit N,. ¶¶ 17-22[9].

## VI.    PLAINTIFF'S "MOTION REQUEST TO ENTER DISCOVERY" IS A MOTION FOR SUMMARY JUDGMENT THAT SHOULD BE DENIED

As explained in Defendants' previously filed opposition to Plaintifft's motion for default (docket #9), Defendants filed a timely motion for enlargement of time in response to the Amended Complaint in this case. Defendants, therefore, despite Plaintiff's allegations to the contrary, are not in default, leaving Plaintiff's request for discovery in support of Plaintiff's motion for default without any basis.

Although Plaintiff entitles his pleading a "motion for request to enter discovery," he attaches copies of correspondence between Plaintiff and Defendant relating to Plaintiff's FOIA requests (Exhibits #1 - 12 of Plaintiff's Motion to Enter Discovery), and informs the Court that these exhibits will demonstrate that the contents of his Complaint are "accurate, true and verified correct."  Plaintiff goes on to ask the Court to enter summary judgment in favor of the Plaintiff based on either default or its review of the aforementioned exhibits. (Plaintiff's "Motion Request to Enter Discovery, et al., page 2, lines 20-25).

Although titled a motion to request discovery in support of Plaintiff's motion request to enter default, Plaintiff in fact simply asks this Court to consider numerous exhibits in ultimately granting summary judgment in Plaintiff's favor ("After review of the facts presented by Plaintiff, the Plaintiff is requesting for Summary Judgment in whole but in favor the Plaintiff should exist and this case be brought to a close as soon as possible according to the laws under the Freedom of Information Act."  Plaintiff's Motion Request to Enter Discovery at p. 2-3, lines 23-1) There is no record in this case, and no evidence upon which to consider the merits of Plaintiff's claims.  Plaintiff has not even filed his own affidavit attesting to the truth of facts alleged in the Amended Complaint.  Plaintiff has failed to set out "sufficient evidence to cause a reasonable fact

---

[9]As set forth above, TSA did not withold any information from plaintiff based on any FOIA exceptions.  Rather, it produced to plaintiff the only arguably responsive documents located.

finder to find that the plaintiff had a *prima facie* case" for summary judgment.  Aka v. Washington Hosp. Ctr., 116 F.3d 876, 881 (D.C. Cir. 1997) (*citing* United States v. General Motors Corp., 518 F.2d 420, 441 (D.C. Cir. 1975)).  A movant establishes a *prima facie* case for summary judgment – a case that is "fairly arguable" and of "substantial character" – through affidavits and presumptions that would support directed verdict at trial unless controverted by evidence presented by the opposing party.  See General Motors, 518 F.2d at 442.  In the absence of evidence, a grant of summary judgment at this point "would be similar in effect to a default judgment."  See First American Bank v. United Equity Corp., 89 F.R.D. 81, 87 (D.D.C. 1981).  No default judgment may be entered against the Government unless the claimant first establishes a right to relief by satisfactory evidence.  Fed. R. Civ. P. 55(e).  Accordingly, Plaintiff's motion request to enter discovery must be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice.  Further, Plaintiff's Motion Request to Enter Discovery should be denied.


January 5, 2007                                   Respectfully submitted,


                                        _____//_____
                                        JEFFREY TAYLOR, D.C. BAR # 451058
                                        United States Attorney


                                        _____//_____
                                        RUDOLPH  CONTRERAS, D.C. Bar # 434122
                                        Assistant United States Attorney


                                        _____//_____
                                        ALEXANDER D. SHOAIBI, D.C. BAR # 423587
                                        Assistant United States Attorney
                                        Judiciary Center Building
                                        555 4th St., N.W., Civil Division
                                        Washington, D.C.  20530
                                        (202) 514-7236

21

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2007, a copy of the foregoing Motion to Dismiss was mailed, postage prepaid, to Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

_____//_____
ALEXANDER D. SHOAIBI
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SAM L. CLEMMONS,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil Action No. 06-518 (RCL)** |
| | **)** | |
| **U.S. DEPARTMENT OF HOMELAND** | **)** | |
| **SECURITY,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## ORDER

    **UPON CONSIDERATION** of defendant's motion to dismiss,  it is hereby **ORDERED**
that the motion is **GRANTED**, and that plaintiff's complaint is dismissed with prejudice.


                                          _____

                                          UNITED STATES DISTRICT JUDGE

Dated: _____, 2007.