Exhibit A

*Sam L. Clemmons*
*2304 Glenridge Drive*
*Atlanta, GA 30342*
*1-866-409-7758*

RECEIVED: _10/1/03_
DEADLINE: _11/3/03_
_FY2004-08_

_TSA04 - 0539_
RECEIVED: _12/5/03_
DEADLINE: _12/19/03_

July 15, 2003

Department of Transportation
DOT's Freedom of Information Section
Record Management Section
Washington, DC 20537

Re: Request for release of private information in my record

Dear Department of Transportation:

I am or was a former applicant with the Department of Transportation Homeland Security project as of this date I have not heard any thing from your department in relation to my status or positions applied for.

I was clearly informed that I passed all phase and was placed in a ready pool. I was given a job offer but never was brought on board for the position. This puzzle me and I wonder why was I overlooked when I'm very competitive and with a clean record.

Therefore, I am requesting according to the privacy right act submitting this request to release any information you may have had to alter your decision to bring me on board in this career opportunity.

I will be on standby waiting for your response to this request.

Sincerely,
Sam L. Clemmons
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, Recruit

Exhibit B



**U.S. Department of
Transportation**

Office of the Secretary
of Transportation

**GENERAL COUNSEL**

OCT 1 7 2003

400 Seventh St., S.W.
Washington, D.C. 20590

Sam L. Clemmons
2304 Glenridge Drive
Atlanta, GA  30342

**File No. FY2004-008**

Dear Mr. Clemmons:

We received your Freedom of Information Act request on <u>October 1, 2003</u>.  Your letter,
dated <u>July 15, 2003</u>, asks for records pertaining to private information on yourself.

The type of records you request, if extant, would be under the purview of the Transportation
Security Administration (TSA).  Please be advised that TSA is no longer part of the Department
of Transportation.  As of 7th March 2003, the agency became part of the Department of
Homeland Security.

We are referring your request to the following office:

> Ms. Patricia M. Riep-Dice, Associate Director
> Freedom of Information Division TSA-20
> Transportation Security Administration
> *701 S. 12th Street*
> *West Tower, 10th Floor South*
> *Arlington, VA  22202*

Sincerely,

Kathy Ray, FOIA Officer
Freedom of Information Act Division

cc:    Ms. Pat Riep-Dice

Exhibit C

*Sam L. Clemmons*
*2304 Glenridge Drive*
*Atlanta, GA 30342*
*1-866-409-7758*

RECEIVED: 10/1/03
DEADLINE: 11/3/03
FY2004-08

TSA04 - 0539
RECEIVED: 12/5/03
HEADLINE: 12/19/03

July 15, 2003

Department of Transportation
DOT's Freedom of Information Section
Record Management Section
Washington, DC 20537

### Re: Request for release of private information in my record

Dear Department of Transportation:

I am or was a former applicant with the Department of Transportation Homeland Security
project as of this date I have not heard any thing from your department in relation to my
status or positions applied for.

I was clearly informed that I passed all phase and was placed in a ready pool. I was given
a job offer but never was brought on board for the position. This puzzle me and I wonder
why was I overlooked when I'm very competitive and with a clean record.

Therefore, I am requesting according to the privacy right act submitting this request to
release any information you may have had to alter your decision to bring me on board in
this career opportunity.

I will be on standby waiting for your response to this request.

Sincerely,

Sam L. Clemmons
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, Recruit

Exhibit D



U.S. Department of Homeland Security

Freedom of Information Act
and Privacy Act Division
601 South 12th Street, TSA-20
Arlington, VA 22202

December 10, 2003

TSA04-0539

Mr. Sam Clemmons
2304 Glenridge Dr.
Atlanta , GA 30342

**Transportation
Security
Administration**

Dear Mr. Clemmons:

This letter concerns your request dated July 15, 2003, pursuant to the Freedom of
Information/Privacy Act.

In order to process your request and protect your privacy, we ask that you provide the following
statement for us to verify your identity. We will accept a fax of this statement to begin the
process, however, an "original" signed version must be mailed to our office to allow us to
release the information being requested. Please mail the "original" signed version to the
Freedom of Information/Privacy Division, TSA Headquarters, East Tower, 4th Floor, TSA-20,
601 South 12th Street, Arlington, VA 22202-4220. Our fax number is 571-227-1946. If we do
not receive an original signed statement within 30 days, we will assume that you no longer
require the information and your request will be administratively closed.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct, that I am the person named above, and I understand that any
falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a
fine of not more than $10,000 or by imprisonment of not more than five years or both, and that
requesting or obtaining any record(s) under false pretenses is punishable under the provisions of
5 U.S.C. 552(i)(3) by fine of not more than $5,000.

Signature _____    Date _12/20/03_

If you have any questions concerning your request, please call (866) 364-2872 and reference the
identification number listed above.

Sincerely,

Patricia M. Riep-Dice
Associate Director
Freedom of Information Act/Privacy Act Division
Office of Security

Exhibit E

**Sam L. Clemmons**
**2304 Glenridge Drive**
**Atlanta, GA 30342**
*1-866-409-7758*

RECEIVED: 10/1/03
DEADLINE: 11/6/03
FY 2004-708
TSA 04 - 0539
RECEIVED: 12/5/03
DEADLINE: 12/8/03

July 15, 2003

Department of Transportation
DOT's Freedom of Information Section
Record Management Section
Washington, DC 20537

TSA 04 - 0904
RECEIVED: 4/7/04
DEADLINE: 4/21/04

### Re: Request for release of private information in my record

Dear Department of Transportation:

I am or was a former applicant with the Department of Transportation Homeland Security project as of this date I have not heard any thing from your department in relation to my status or positions applied for.

I was clearly informed that I passed all phase and was placed in a ready pool. I was given a job offer but never was brought on board for the position. This puzzle me and I wonder why was I overlooked when I'm very competitive and with a clean record.

Therefore, I am requesting according to the privacy right act submitting this request to release any information you may have had to alter your decision to bring me on board in this career opportunity.

I will be on standby waiting for your response to this request.

Sincerely,
Sam L. Clemmons
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, Recruit

Exhibit F

U.S. Department of Homeland Security
Freedom of Information Act
and Privacy Act Division
Arlington, VA 22202

April 7, 2004

TSA04-0904

**Transportation
Security
Administration**

Mr. Sam Clemmons
2304 Glenridge Dr.
Atlanta , GA 30342

Dear Mr. Clemmons:

This is to inform you that on April 7, 2004, the Transportation Security Administration (TSA)
Freedom of Information Act (FOIA) Office received your FOIA request dated July 15, 2003.

Your request has been given identification number TSA04-0904 . Please be advised that TSA
currently has a backlog of requests due to the high number of FOIA inquiries we are receiving.
We are devoting additional staff and resources to reducing the backlog and using our best efforts
to process all requests with due diligence on a first-in, first-out basis. Simple requests are able to
be answered more quickly and will be placed on the fast track of our multi-track processing.
More complex requests generally require significant processing time. Although TSA's goal is to
respond within 20 business days of receipt of your request, the FOIA does permit a 10-day
extension of this time period. If your request involves a voluminous amount of records, requires
that we collect records from separate offices, or requires that we consult with another agency,
TSA is invoking the 10-day extension for your request.

At the present time, however, based on a preliminary review of your request and our current
backlog, we do not expect to be able to respond to your request until four months from the date
of this letter. If you would like to narrow the scope of your request, we may be able to respond
more quickly. Please contact us if you wish to narrow your request or arrange for an alternative
time period to complete the processing. We regret any inconvenience caused by the delay.
We can be reached at the following toll free number (866) 364-2872 and please reference the
identification number listed above.

Sincerely,

Patricia M. Riep-Dice
Associate Director
Freedom of Information Act and
Privacy Act Division

Exhibit G

U.S. Department of Homeland Security

Freedom of Information Act
and Privacy Act Division
Arlington, VA 22202



**Transportation
Security
Administration**

**FOIA Case Number TSA04-0539**

APR 1 5 2004

Mr. Sam Clemmons
2304 Glenridge Dr.
Atlanta, GA 30342

Dear Mr. Clemmons:

This letter is in response to your Freedom of Information Act (FOIA) request dated April 7, 2004, specifically requesting, "any information you may have had to alter your decision to bring me on board in this career opportunity." We have processed your request under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.

A search within the Transportation Security Administration (TSA) was conducted and no records were found responsive to your request.

The undersigned is the person responsible for this determination. Appeal to this determination may be made in writing to Douglas Callen, Director, Office of Security, Transportation Security Administration, West Tower, TSA-20, 601 South 12th Street, Arlington, VA 22202-4220. Your appeal must be submitted within 60 days from the date of this determination. It should contain your FOIA request number and state, to the extent possible, the reasons why you believe the initial determination should be reversed. In addition, the envelope in which the appeal is mailed in should be prominently marked "FOIA Appeal." The Director's determination will be administratively final. If you have any questions pertaining to your request, please feel free to contact Catrina Pavlik at 1-866-364-2872.

Sincerely,

Patricia M. Riep-Dice
Associate Director
Freedom of Information Act
 And Privacy Act Division

# Exhibit H

**Sam L. Clemmons**
**548 Saint Charles PL**
**Brookhaven, MS 39601**
**1-866-409-7758**

TSA FOIA DIVISION - 571-227-2300
FOIA CASE NO: TSA05 - 0773
RECEIVED: ☞ 07/18/05
SUSPENSE DATE: 07/27/05
SPECIAL INSTRUCTIONS:

July 8, 2005

Transportation Security Administration
Freedom of Information Section
Record Management Section
**Attn: Patricia M. Riep-Dice**
**601 South 12th Street, TSA-20**
Arlington, VA 22202

**Re: Request Number TSA 04-0539**

Dear Ms. Riep-Dice:

I am submitting this request to you once again to release all information according to the request number as stated above and the full results of my background investigation according to the Freedom of Information Act, 5 U.S.C. 552.

Let the record show that this is not my first request but several requests, requesting the release of my records for further review.

I have also attached a copy of such regulation that shows the timeframe when such agency have to release requested information according to the federal law. Please review such paragraph concerning regular processing. Since the first initial request was on December 20, 2003, it has been well over such timeframe in which you should have released such information according to the law.

Since this matter of review is so important into reviewing the record, I am enclosing a money order in the amount of $25.00 if needed.

Within the next 20 days, according to the law, I will be expecting to have such complete file in my custody for further review .

Once again for the record, my honesty was in my application and by me passing the all phases in the application process. I had nothing wrong in my background that should have prevent me from becoming apart of this agency.

Sincerely,

Samuel L. Clemmons
TSA Applicant
Enclosures (3)

Exhibit I

JUL 18 2005

Freedom of Information Act
and Privacy Act Division
Arlington, VA 22202

TSA05-0773

Mr. Samuel Clemmons
548 Saint Charles Place
Brookhaven , MS 39601



**Transportation
Security
Administration**

Dear Mr. Clemmons:

This is to inform you that on July 18, 2005, the Transportation Security Administration (TSA)
Freedom of Information Act (FOIA) Office received your FOIA request dated July 8, 2005.

Your request has been given identification number TSA05-0773 . Please cite this number in any
further inquiry about this request.

I must advise you that depending upon the category of requesters you fall in, fees may be charged for
searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.
In accordance with 6 C.F.R. §5.3(c), if you make a FOIA request, it shall be a firm commitment by
you to pay all applicable fees charged under § 5.11 up to $25.00. The combined charges for search
and duplication must exceed $14.00 before we will charge you any fees. Many requests do not require
any fees however, if fees exceed $25.00, we will notify you beforehand.

TSA uses a multi-track system to process request on a first in, first out basis. Simple requests
are able to be answered more quickly and will be placed on the fast track of our multi-track
processing. More complex requests generally require significant processing time. Although TSA's
goal is to respond with 20 business days of receipt of your request, the FOIA does permit a
10-day extension of this time period. If your request involves a voluminous amount of records,
requires that we collect records from separate offices, or requires that we consult with another
agency, TSA is invoking the 10-day extension for your request.

If you would like to narrow the scope of your request, we may be able to respond more quickly.
Please contact us if you wish to narrow your request or arrange for an alternative time period to
complete the processing. We can be reached at the following toll free number (866) 364-2872.

Sincerely,

Catrina M. Pavlik
Associate Director
Freedom of Information Act
 and Privacy Act Division

Exhibit J

U.S. Department of Homeland Security

Freedom of Information Act
and Privacy Act Division
Arlington, VA  22202

JUL 18 2005



Transportation
Security
Administration

Mr. Samuel Clemmons
548 Saint Charles Place
Brookhaven, MS 39601

**FOIA Case Number: TSA 05-0773**

Dear Mr. Clemmons:

This letter is a response to your Freedom of Information Act (FOIA) request dated July 8, 2005, in which you requested a copy of all records concerning you as well as the full results of your background investigation. We have processed your request under the Freedom of Information Act, 5 U.S.C. § 552 and the Privacy Act 5 U.S.C. § 552a.

A search within the Transportation Security Administration (TSA) was conducted and documents (1 page) responsive to your request were located. We have determined to release the page to you in its entirety.  In the interest of convenience, TSA is providing the following response regarding the information you requested. Your previous test results expired as of August 24, 2002 and you need to be retested and must reapply due to recent changes in TSA security regulations.  Please contact the TSA recruitment center toll free at (800) 887-1895 for updated information and requirements for re-application.

There is no fee associated with processing this request, and we are returning your money order (for $25.00) that was included with your original request.

If you have any questions pertaining to your request, please feel free to contact the FOIA office at 866-364-2872.

Sincerely,

Catrina Pavlik

Catrina M. Pavlik
Associate Director
Freedom of Information Act
 And Privacy Act Division

Exhibit K

U.S. DEPARTMENT OF TRANSPORTATION
TRANSPORTATION SECURITY ADMINISTRATION
400 7TH STREET
WASHINGTON, D.C. 20590

Date: _8\24\02_ Testing Location: _Atlanta_    Airport: _ATL_

Name: _Samuel Clemons_

SSN: _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_

Candidate ID #: _3059583_

The Transportation Security Agency (TSA) appreciates your interest in employment. We are pleased that you took the time to apply for a position at TSA and attend the assessment center.

Congratulations! You successfully passed the electronic portion of the assessment process. The next step of the process will require another four to six hours of your time on another day and you need to schedule it now. **Please go to the scheduling table before you leave the center today for further direction and scheduling.** Any member of the assessment center staff can direct you to this area.

If you do not schedule the next and final portion of the assessment today, your chances for employment with TSA are greatly diminished.

_____
Human Resources Representative

Date and Time for return appointment: _9\3\02   8:30AM_

**PLEASE REMEMBER:**
- YOU MUST COMPLETE THE ONLINE VERSION OF THE SF-85P AS DIRECTED PRIOR TO COMING BACK FOR YOUR APPOINTMENT.

- PLEASE PLAN ON A MINIMUM OF 6 HOURS FOR YOUR RETURN APPOINTMENT.

Exhibit L

Case 1:06-cv-00518-RCL Document 1 Filed 03/20/2006 Page 24 of 25
Case 1:06-cv-00518-RCL Document 14-2 Filed 01/05/2007 Page 24 of 38

23

U.S. DEPARTMENT OF TRANSPORTATION
TRANSPORTATION SECURITY ADMINISTRATION
400 7th STREET
WASHINGTON, D.C. 20590

Date: _09/03/02_    Testing Location: _Atlanta_

Name: _Clemmons, Samuel_

SSN: _427-08-_

Candidate ID #: _3059583_

*Congratulations!* You have successfully passed all of the assessments for consideration
for an appointment as a _Lead Transportation Security Screener_ in the
Department of Transportation, Transportation Security Administration.

At this time, you will be placed in a **Ready Pool** of candidates. This Ready Pool will
provide the Department of Transportation (DOT), Transportation Security Administration
(TSA) with individuals who can be rapidly trained and placed at the airports. As
positions and training dates become available, TSA will draw first from the Ready Pool
to fill these positions. The order of filling these jobs from the Ready Pool will be based
on selective factors required to meet TSA staffing needs. These factors include
workforce requirements and job-related experience and certifications. We will continue
to process your background investigation for the necessary security clearance. **It is
recommended that you NOT resign or give immediate notice to resign from your
current place of employment until you receive an official offer of employment.**

An appointment to this position is contingent upon the successful results of your security
background investigation, urinalysis drug test, any outstanding medical information
results, and the successful completion of the required training.

Frequently, applicants ask questions about the nature of the background investigation and
about problems that may surface in it. The following information is intended to answer
the questions, which are asked more often:

- The purpose of the background investigation is to ensure that applicants meet
  the TSA's personnel security standards. Background investigations are
  extremely thorough. At a minimum, the TSA will ensure that your credit
  history is satisfactory and that you do not have a criminal history. We will
  contact regional credit bureaus where you have lived, and conduct checks of
  local law enforcement agencies for jurisdictions in which you have resided,
  attended school, or been employed. Also, if you have served in the military,
  we will review your military records.

- We will withdraw an employment offer if the investigation reveals information that precludes a security and/or suitability clearance (e.g., serious credit problems, abuse of alcohol, history of illegal drug use outside of TSA guidelines, misrepresentations during the application process, etc.) In addition, applicants who have been convicted of a felony or domestic violence charge or who display a lack of candor during any phase of the hiring process will be automatically disqualified from further consideration.

- The TSA, which is firmly committed to a drug-free society and work place, realizes that qualified individuals may have used illegal drugs at some point in their past. It is the policy of the TSA that prospective employees will be required to pass a urinalysis test, which screens illegal drug use prior to final appointment.

It creates significant hardship for both the TSA and the candidate, who has passed all of the assessments, if the offer must be withdrawn at the end of the background process. To prevent such hardship, we want to alert you to these potential problems now, at the outset, and invite you to discuss any concerns you may have. If you have any concerns you wish to discuss, please contact a Human Resources staff member at the TSA Assessment Center immediately.

If you find that you are no longer interested in this position or unable to meet the conditions of employment, please notify a Human Resources staff member at 1 (888) 218-1555.

Thank you for your interest in employment with TSA. Should you be called for an appointment, you should find here a great opportunity for public service and a distinguished career in transportation security.

Human Resources Representative

Accepted:

(Applicant Signature)

**RECEIVED**

MAR 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit M

NCSPDATA                                    12/12/2003

| QSID | SSN | NAMEL | NAMEF | NAMEM | TSAVAN |
|---|---|---|---|---|---|
| 3059583 | 427086671 | CLEMMONS | SAMUEL | L | TSA-ATL-0011 |

*Expired*

NCSPDATA                                    12/12/2003

| CLIENT | TESTDATE | TDATE | VUEID | APP | NGENDER |
|---|---|---|---|---|---|
| TSA | 8/24/2002 | 20020824 | 2084851 | 3 | 2 |

NCSPDATA                                    12/12/2003

| LOCATION | POSITION | VET | VET1 | VET2 | SX1 |
|---|---|---|---|---|---|
| ATL | Lead Screener | Yes | 1 | 3 | No |

NCSPDATA                                    12/12/2003

| GRD_TSS | GRD_TSSB | GRD_STSS | GRD_LTSS | GRD_MSF | TCID |
|---|---|---|---|---|---|
| 1 | 1 | 1 | 1 | 1 | 48531 |

NCSPDATA                                    12/12/2003

| TCNAME | CITYSZ | EMPNAME | DOB | DUTYLOC | HDATE |
|---|---|---|---|---|---|
| Atlanta (ATL)/( | Atlanta, GA | | | | |

NCSPDATA                                    12/12/2003

| HAIRID | HJOB | TESTED | PHASE1 | PHASE2 | OFFER |
|---|---|---|---|---|---|
| | | 1 | 1 | 1 | |

NCSPDATA                                    12/12/2003

| HIRED | ACCEPT | READY |
|---|---|---|
| 0 | | 1 |

Exhibit N

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAMUEL L. CLEMMONS,                           )
                                              )
                          Plaintiff,          )
                                              )
                                              )          Civil Action No.
v.                                            )          1:06CV00518
                                              )
U.S. DEPARTMENT OF HOMELAND                   )
SECURITY,                                     )
                                              )
                          Defendant.          )

**DECLARATION OF ANASTAZIA TAYLOR**

I, Anastazia Taylor, do hereby declare as follows:

1.      I am the Acting Freedom of Information Act Officer, Office of the Special Counselor,

Transportation Security Administration (TSA), within the Department of Homeland Security

(DHS).  I am responsible for processing all requests made to TSA under the Freedom of

Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, by

initiating searches relevant to such requests and supervising the determinations of what records

should be disclosed.  I have held this position since December 11, 2006.

2.      From March 7, 2004, to December 8, 2006, I was the Senior FOIA Specialist for

the FOIA and Privacy Act Division of the TSA.  In this capacity, I reviewed FOIA requests

processed by the FOIA staff before they were submitted to the Freedom of Information Act

Officer for approval.  I was also responsible for processing the majority of the FOIA appeals that

were received in the office as well as processing other FOIA requests as assigned.  Further, in the

absence of the FOIA Officer, I acted in her capacity.  Before I was promoted to Senior FOIA

Specialist, I served as a FOIA Specialist from July 2002, to March 2004 and processed FOIA

requests as assigned. Prior to my employment with TSA, I served as Paralegal Specialist for the

Immigration and Naturalization Service (INS) of the Department of Justice from March 1996 to

July 2002, where I also processed FOIA requests as assigned.

       3.     Due to the nature of my official duties, I am familiar with TSA's obligations

under the FOIA and the Privacy Act, including the application of the various exemptions. The

statements made in this declaration are based on my personal knowledge, information made

available to me in the performance of my official duties, and conclusions reached in accordance

therewith.

4.     **The purpose of this declaration is to set forth the chronology of correspondence relating**

to plaintiff's FOIA and Privacy Act request and to describe the searches conducted to identify

records responsive to plaintiff's request.

## Chronology of Administrative Action and Correspondence
### FOIA Request TSA04-0539

5.     By letter dated July 15, 2003, plaintiff submitted a request to the Department of

Transportation (DOT) for access to any information "you may have had to alter your decision to

bring me on board in this career opportunity." A copy of this letter is attached as Exhibit A.

6.     By letter dated October 17, 2003, DOT acknowledged receipt of plaintiff's FOIA request

on October 1, 2003, and informed plaintiff that his request had been forwarded to TSA, the

appropriate agency to handle the request. A copy of the letter is attached as Exhibit B.

7.     TSA received plaintiff's request on December 5, 2003, and assigned it FOIA request

number TSA04-0539. A copy of plaintiff's request reflecting receipt by TSA is attached as

Exhibit C.

8.      By letter dated December 10, 2003, TSA informed plaintiff that in order to process his

request, the agency required a statement verifying his identity. This letter also informed plaintiff

that if the agency did "not receive an original signed statement within 30 days," the agency

would assume plaintiff no longer required the information and administratively close his request.

Plaintiff signed the statement verifying his identity on December 20, 2003. A copy of the letter

and the statement signed by plaintiff verifying his identity is attached as Exhibit D. It is not

known when TSA received plaintiff's original signed statement, however, the agency closed

plaintiff's FOIA request TSA 04- 0539 on January 21, 2004, because of non-receipt of this

statement.

**FOIA Request TSA04-0904**

9.      TSA subsequently located plaintiff's statement verifying his identity. Upon discovery,

TSA determined to treat this as a new request and annotated on plaintiff's July 15, 2003 FOIA

request that TSA received this "new" request on April 7, 2004. TSA also assigned plaintiff's

request a new FOIA request number – TSA04-0904. A copy of plaintiff's July, 15, 2003 FOIA

letter reflecting these annotations is attached as Exhibit E.

10.     By letter dated April 7, 2004, TSA sent plaintiff a letter acknowledging TSA's receipt of

his July 15, 2003 FOIA request on April 7, 2004. This letter reflected the FOIA request number

as TSA04-0904. A copy of this letter is attached as Exhibit F.

11.     By letter dated April 15, 2004, TSA informed plaintiff that a search conducted by TSA

found no records responsive to his request. That same letter informed plaintiff of his right to

appeal this determination within 60 days. This letter mistakenly reflected the original FOIA

request number TSA04-0539 instead of the new FOIA request number TSA04-0904. A copy of

3

this letter is attached as Exhibit G. TSA has no record that plaintiff ever appealed the

determination that no responsive records were found.

**FOIA Request TSA05-0773**

12.    By letter dated July 8, 2005, plaintiff, referring to his original FOIA request number

TSA04-0539, requested all information as earlier requested and the full results of his background

investigation. A copy of this letter is attached as Exhibit H.

13.    By letter dated July 18, 2005, TSA acknowledged receipt of plaintiff's July 8, 2005 FOIA

request on July 18, 2005, and assigned it FOIA request number TSA05-0773. A copy of this

letter is attached as Exhibit I.

14.    Also, by separate letter dated on July 18, 2005, TSA informed plaintiff that a search

within the agency revealed one document that the agency was releasing to plaintiff in its entirety.

A copy of this letter is attached as Exhibit J.

**Scope of Search and Description of Responsive Records**

15.    On August 24, 2002, plaintiff applied for the position of Lead Transportation Security

Screener with TSA in Atlanta, Georgia. Plaintiff passed the initial assessment and was advised

to return to the assessment center on September 3, 2002, for the second phase of the assessment.

A copy of the notice informing plaintiff of his successful completion of the first assessment

phase and inviting him to return for the second phase of assessment is attached as Exhibit K.

16.    Plaintiff returned to the assessment center on September 3, 2002, and successfully

completed the remaining assessments for consideration as a Lead Transportation Security

Screener. The assessment process includes an evaluation of an applicant's Transportation

Security Screener Competency and Skills, English proficiency, interpersonal skills, medical and

physical health, drug test, and a preliminary background check of credit and criminal history.

4

Plaintiff was then informed that he would be placed in a "Ready Pool" of candidates, that is, a group of individuals from which TSA could select to fill positions as they became available. A copy of the notice informing plaintiff of his successful completion of all assessments as well as being placed in the Ready Pool of candidates is attached as Exhibit L.

### Applicant Assessment Records

17.    As described in paragraphs 5 and 12, supra, plaintiff requested any records that may have caused TSA "to alter your decision to bring me on board" (TSA04-0539), and, in addition to any such records, "the full results of my background investigation" (TSA05-0773). There are two types of records that would be responsive to this request, applicant assessment records and background investigation records. The Office of Human Resources maintains all records associated with the screener applicant assessments. The Personnel Security Division (PSD), Office of Security, maintains records pertaining to personnel background investigations. Accordingly, the FOIA Office tasked both of these offices to search for records. As described, infra, only one record was located and released to plaintiff.

18.    As noted in paragraphs 15 and 16, supra, plaintiff successfully completed all assessment phases and was placed in the ready pool of applicants. Accordingly, the record search conducted by the Office of Human Capital produced no assessment records that negatively reflected on plaintiff's standing to be a viable candidate for a Lead Transportation Security Screener position.

19.    In response to TSA05-0773, TSA identified and released one responsive record (1 page) to plaintiff. See Exhibit M. While this record is "about" plaintiff, it actually is not responsive to the request, since it shows that plaintiff successfully completed a series of pre-employment assessments and thus contains no information that negatively reflects upon his employment application. A handwritten note on the record indicates that the test results expired. This note

5

was transcribed onto the record by the Office of Human Resources at the time it was located in

response to request TSA05-0773. In responding to this request, the FOIA Office, at the

suggestion of the Office of Human Resources, used this opportunity to inform plaintiff that his

test results expired and provided him with a TSA point-of-contact relative to reapplying for a

position with TSA. See defendant's letter to plaintiff dated July 18, 2005 (Exhibit J).

### Background Investigation Records

20.     As noted in paragraph 16, supra, plaintiff successfully completed the assessment phase of

the application process. At that point, applicants were either offered an immediate employment

opportunity or placed in a "Ready Pool" of candidates. The Ready Pool was a group of

applicants who passed all phases of the assessment, including the preliminary background check,

and were available for hire should additional positions become available. As defendant's Exhibit

L shows, the plaintiff was placed in the Ready Pool. With respect to the preliminary background

checks, TSA did not printout or retain negative or "no-records" result queries. Accordingly, no

records concerning the preliminary records check were located.

21.     At that time, TSA only initiated full background investigations for those applicants

immediately offered employment or when TSA selected Ready Pool candidates to fill positions.

A full background investigation entailed sending the completed Standard Form 85P to the U.S.

Office of Personnel Management (OPM) to conduct the investigation as discussed in paragraph

22, infra. During the administrative processing of plaintiff's FOIA requests, as well as the

review of the entire administrative record for purposes of this declaration, I did not locate any

records pertaining to a background investigation of plaintiff or any records indicating that

plaintiff ever received a job offer from TSA that would have triggered such an investigation.

22.    To verify the adequacy of the search for any background investigation records reflecting negatively on plaintiff, the FOIA Officer instructed the PSD, during the week of November 12, 2006, to conduct a new search for records about plaintiff.  Using plaintiff's name and social security number as search terms, PSD conducted a new search of their office's records to include a search of the Background Investigation Tracking System (BITS), to determine whether TSA had ever conducted a full background investigation of plaintiff.  BITS tracks and helps PSD manage the status of full background investigations and is the system where all data on background investigations is maintained.  TSA does not conduct its own background investigations but instead forwards the completed Standard Form 85P to OPM to conduct these investigations.  The search of the BITS system produced no records pertaining to plaintiff, thus indicating that no background investigation was initiated on plaintiff and that no records about him were referred to OPM for this purpose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January _5_ , 2007

_____
Anastazia Taylor
Acting Freedom of Information Act Officer
Office of the Special Counselor
Transportation Security Administration
Department of Homeland Security

Exhibit O

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMUEL L. CLEMMONS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06CV00518 |
| | ) | |
| U. S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**NICHOLAS PANUZIO** makes the following declaration pursuant to the provisions of 28 U.S.C. § 1746:

1.    My name is Nicholas Panuzio.  The following statements are based on my personal knowledge and are made in support of the Transportation Security Administration's (TSA) motion to dismiss the complaint.

2.    I am employed as the Director of the Claims Management Office (CMO), TSA, U.S. Department of Homeland Security (DHS).  Among other duties, I maintain computer and web-based logs of tort claims filed against the United States arising from the activities of the TSA.

3.    The process for logging administrative tort claims is as follows.  Claims may be received by various offices within TSA and DHS, including the TSA Contact Center, the TSA and DHS Executive Secretariats, the TSA Office of Chief Counsel, and others.  When incoming correspondence is identified as an administrative tort claim or potential claim, it is routed to the CMO and delivered to a CMO staff member.  A CMO staff member enters basic identifying information about the claim in a log, including the date received by the CMO.  I oversee this process.

4.    I have reviewed the logs of administrative claims filed with the TSA and maintained by the CMO as indicated above.  The logs do not reflect that a claim was received from or on behalf of a claimant named Samuel L. Clemmons.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2007

By: _____
NICHOLAS A. PANUZIO
Director, Claims Management Office
Transportation Security Administration
U.S. Department of Homeland Security