### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | **CIVIL ACTION NO:** |
| | ) | |
| Plaintiff | ) | |
| | ) | **1: 06CV00518 (RCL)** |
| vs. | ) | |
| | ) | |
| | ) | |
| U.S. DEPT. OF HOMELAND | ) | |
| SECURITY(TSA), et al | ) | |
| | ) | |
| Defendant | | |

## PLAINTIFF'S MOTION REQUEST FOLLOWING PROPOSED ORDERS SUBMITTED TO COURT REQUESTING CASE TO BE CLOSED FOR SUMMARY JUDGMENT BY DEFAULT DUE TO FRAUD REVEAL, FOUND AND LOCATED BY THE PLAINTIFF AGAINST THE DEFENDANTS.

Comes the Plaintiff file this entry before the court requesting the court to close with a Summary Judgment, Summary Judgment by Default or a Jury Trial in the stated case due to Defendants' Defaults after revealing and showcasing to the court fraud submissions and flaws in their arguments before the court. If the Defendant wish to defend such is not fraud the Defendant should be given the opportunity to do so. If not, the Plaintiff's requests should be granted.

As of this date, this request is submitted into the court nothing else is needed or should be added to overturn such requests entry by the Plaintiff.

The Plaintiff has attached such orders requested to complete this motion request before this honorable court.

Please sign ORDERS and return.

Respectfully Submitted,

Sam L. Clemmons,
Plaintiff, *Pro Se*

**RECEIVED**

FEB 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS  )    **CIVIL ACTION NO:**
   PLAINTIFF  )
                 )    <u>1: 06CV00518 (RCL)</u>
                 )
vs.  )    **REVISED COPY**
                 )
U.S. DEPT. OF HOMELAND SECURITY, et  )
al  )
   DEFENDANTS  )
                 )
                 )

---

<u>PLAINTIFF'S MOTION REQUESTS TO ENTER MOTION **TO "COMPEL"** BEFORE CLERK AND THE COURT WITH ATTACHED **MASTER ORDER** REQUEST TO MOVE FOR SUMMARY JUDGMENT OR JURY TRIAL. PLAINTIFF ENTERS PLAINTIFF'S **SECOND** REQUESTS FOR ADMISSIONS, SETS OF INTERROGATORIES, AND CONTINUOUS REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT TO SET STAGE FOR SUMMARY JUDGMENT OR JURY TRIAL IF NECESSARY IN SUPPORT OF AN ADDITIONAL EXHIBIT WHICH WILL BE **EXHIBIT # 13** JUSTIFYING AN ILLEGAL BACKGROUND INVESTIGATION CONDUCTED AND WHY DEFAULT SHOULD REMAIN OR TO PROCEED FORTH UNDER RULE 38 OR 54 (C)</u>

Comes Sam L. Clemmons, Plaintiff *Pro Se* files this **MOTION REQUEST TO COMPEL** before the Office of the Clerk, requesting the clerk to Enter Plaintiff's Motion Request to enter Plaintiff's Second Requests for Admission, Sets of Interrogatories, and Continuous Request for Production of Documents and Things Propounded to Defendants to set stage for Jury trial if necessary if the Defendant wish not to accept such Default entry and wishes to defend such case before a jury trial.

The Defendants should not be allowed an additional <u>30 days</u> according to Federal Rules of Civil Procedures Prec. R. 1, Refs & Annos Civ. R.15, R.26 (f), R. 33 (a), R. 33 (b) (3), R. 34, R.36 and (b), R. 45 and 54 (c).

Respectfully submitted,

Sam L. Clemmons
Plaintiff, *Pro Se*

**Attachments:**

 Plaintiff's Interrogation Request
 Subpoena in a Civil Case
 Motions Requests
 Three Proposed Orders
 Exhibit [none]

**Copies to:**

**To: Defendant's Counsel**

JEFFREY TAYLOR
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20530 / Certified Mail Tracking #: <u>**7006 0100 0003 2066 6940**</u>

RUDOLPH CONTRERAS
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20036 / Certified Mail Tracking #: <u>**7006 0100 0003 2066 6940**</u>

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530

And
**United States District Court for the District of Columbia**
Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Sam L. Clemmons vs. Homeland Security Administration & Office of FOIA & Privacy Division, 601 South 12th Street, TSA-20, Arlington, VA 22202, Case Number 1: 06CV00518 (RCL)

# AFFIDAVIT OF SERVICE
# /
# PROOF OF CERTIFICATION OF SERVICE

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS

    Plaintiff

                              CIVIL ACTION NO: 1: 06CV00518 (RCL)

    V

U.S. DEPT. OF HOMELAND SECURITY, et al

    Defendants

## AFFIDAVIT OF SERVICE

I, **SAM L. CLEMMONS**, hereby declare that on the **23rd Date of January 2007**, the Defendant received by certified mail with return receipt the Plaintiff's First Request for Admission, Set of Interrogatories, and Request for Production of Documents and Things Propounded to Defendants to set stage for Jury trial if necessary if the Defendant wish not to accept such Default entry and wishes to defend such case before a jury trial. This submission was served upon: Jeffrey Taylor, Special Assistant U.S. Attorney, Civil Division, 555 Fourth Street, NW, Washington, DC 20530. Giving the Defendant **30 days** to cooperate in the discovery process according to Fed. Civ. R. 26. before going forth for a jury trial. The Defendants deadline date for delivering documents is **February 23, 2007**. The Defendants are now in default for jury trial status. The Plaintiff still demand for a jury trial according to initial complaint and Fed. Civ. R. 37-40 and 54.

Attached hereto is the green card acknowledging service. **7006 0100 0003 2066 6940**



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JEFFREY TAYLOR
SPECIAL ASST. U.S. ATTORNEY
CIVEL DIVISION
555 FOURTH STREET, N.W.
WASHINGTON, DC 20530

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Samuel L Parker_  ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    JAN 2 3 2007    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 0100 0003 2066 6940

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

NS

ES PL

ISSISSIPPI 39601

58

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS )  CIVIL ACTION NO:
   Plaintiff )
 )
vs. )
 ) **1: 06CV00518 (RCL)**
 )
 )
 )
U.S. DEPT. OF HOMELAND SECURITY, et )
al )
   Defendant )

---

## PLAINTIFF'S MOTION REQUEST TO <u>COMPEL</u> DEFENDANT TO PRODUCE ALL EVIDENCE TO DEFEND SUCH LAWSUIT OR CLOSE CASE AND MOVE FORTH FOR SUMMARY JUDGMENT IN ACCORDANCE WITH THE PLAINTIFF'S DISCOVERY ENTRY AND IN ACCORDANCE WITH RULE 26 (D).

Comes now the Plaintiff now file such motion request to **"COMPEL"** the Defendant to produce all evidence to defend such lawsuit or close case after Plaintiff entry of discovery in support of Plaintiff's motion requests for summary judgment in whole or by default. The Plaintiff has entered his Exhibits in support of the Defendant's failures according to *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) and *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) now request to move forth for a jury trial or summary judgment if necessary.

The Defendant has failed to come before the court with truth and honesty on the record which should draw major signs in why the Defendant's Counsel now wish to file an opposition to the Plaintiff's Motion Requests to Enter Alternative Motion ET AL. And Federal Defendants' Motion for a Protective Order.

If anyone should read the Defendant's Counsel Statements anyone can see and tell that the Defendant's Counsel is now trying to run away from something that he or she knows that they lied and gave misleading information to the Plaintiff and now before the Court. The

Defendant's Counsel Statements are bogus statement and outrageous ridiculous and should be immediately quashed from the record.

The Defendant's Counsel filed a motion to dispositive motion to dismiss after failing to response to the summons and complaint served upon the Defendants within the required time as instructed by this Court. This is <u>violation # 1</u> as to why the Defendant's Counsel bogus requests should not be honored.

The Defendant's Counsel failed to provide any proof at all of timely filing by electronic means. This is <u>violation # 2</u> as to why the Defendant's Counsel bogus requests should not be honored.

The Defendant's Counsel failed to enter a notice of appearance and any enlargement for time requests and orders approving such requests. This is <u>violation # 3</u> as to why the Defendant's Counsel bogus requests should not be honored.

The Defendant's Counsel upon responding submitted and provided this honorable court with false information in an attempt to mislead the Court. This is <u>violation # 4</u> as to why the Defendant's Counsel bogus requests should not be honored.

The Plaintiff entered part of his Motion Request for Discovery after the Defendant should have been placed in default status by the Clerk to support the Clerk's actions and professionally served all the parties by means of Affidavits justifying why such record now should be closed with a summary judgment by default in favor of the Plaintiff.

The Defendant's Counsel responded to the Plaintiff's complaint on January 6, 2007, which is well beyond the timeframe of <u>20 days</u> as required by the laws under the Freedom of Information Act. In such response the Defendant's Counsel tries mislead the Court by providing

the Court with some of the same documents the Plaintiff served the Defendants advising and informing them of being in default.

Now the Defendant's Counsel wishes to continue to try to mislead the Court in bogus claim or statement before the Court on February 7, 2007 after receiving the Plaintiff's First Request for Admission, Set of Interrogatories, and Request for Production of Documents and Things Propounded to Defendants to set stage for Jury trial if necessary if the Defendant wish not to accept such Default entry and wishes to defend such case before a jury trial.

The Plaintiff filed such motion as a protection shield because the Defendants should be in default and now if such Defendants think they should not be in default then it should not be any problem at all to answer the Admission, Set of Interrogatories and to Produce all the Documents and evidence the Plaintiff has now requested on the record to set such stage for a jury trial which now the Plaintiff is now demanding according to the Plaintiff's constitutional rights.

If one directs ones attention to the Defendant's claims on February 7, 2007 in the Federal Defendant's Opposition to Plaintiff's Motion Requests, see the first paragraph should one question why would a government agency who operate on federal funds seek a protective order staying discovery when such agency has all the Plaintiff's personal but private information such as fingerprints, blood, social security number, date of birth, etc. and such agency performed an investigation into the Plaintiff's private parts with the Plaintiff's consent to do so for employment purposes only but now such Agency or Defendant wish to stay discovery under a Freedom of Information Act and Privacy Act lawsuit. This is a strong sign an indication of hiding, lying and giving false information according to§ 111 ALR, Fed. 295, which states giving or receiving false information to any Federal Departments or Agency is consider a violation of 18 U.S.C.A § 1001 (2)(15)(34); making it a criminal offense to make false statements and deny

4

1  career employment in any matter under jurisdiction of the departments or agency of the United

2  States of America. Once the Court has honored the Plaintiff's request and has denied the

3  Defendant's request the Court should not have any problem in ruling accordingly.

4        Now if one continue to move forward to the Defendant's Counsel Memorandum of

5  Points and Authorities in Support of Federal Defendant's Opposition to Plaintiff's Motion

6  Requests to Enter Alternative Motion ET AL. and Federal Defendants' Motion for Protective

7  Order one will continue to read between the lines and see that this submission before the court is

8  one to avoid true justice and too should be denied on these grounds in conjunction to the other

9  failures listed in the pervious paragraphs.

10

11  If one goes to paragraph number one where the Defendant's Counsel put in fine print to mislead

12  the Court in saying on April 15, 2004, the Transportation Security Administration ("TSA")

13  processed Plaintiff's initial FOIA request, and informed him that it found no documents

14  responsive to this request. In response to second FOIA request by Plaintiff, on July 18, 2005,

15  TSA informed plaintiff that its search had resulted in one document that it released to plaintiff in

16  its entirely. Regardless how the Defendant's Counsel tries to mislead it one can see that the

17  Plaintiff never placed a second FOIA request but made a final attempt to retrieve the complete

18  record sought according to the Plaintiff first FOIA request in the year of 2003. Anyone can see

19  the lapse in time according to the laws under the FOIA and the continuous intentional delays the

20  Defendants continued to perform should not be justified and such statements made on the record

21  should not stand or be honored at all. The Plaintiff now is using his appeal rights in the United

22  States District Court for the District of Columbia for the Defendants to produce all the

23  information and records in link to the Plaintiff's assessments with TSA and the background and

24

25

pre-employment screening that the Defendants have denied on the record of ever taking place. This is <u>violation # 5</u> as to why the Defendant's Counsel bogus requests should not be honored.

Now if one will direct ones attention to the second paragraph on page # 2, the Defendant's Counsel tries to claim and states "Despite the fact that Plaintiff failed to effectuate proper service of process of the initial Complaint upon the Federal Defendants;" This statement is unclear on the record when the Plaintiff did served the Defendants and the Defendants failed to response within the time frame to defend and rebut such complaint and summons filed upon them in a timely manner but responded three to four months later.

Regardless of the Defendant's claims the Defendants have to realize and understand that they have been served and the Plaintiff is still requesting all the results in any background investigation performed on the Plaintiff and the final but true outcome in writing of all phases so that the Plaintiff can dispute and rebuttal anything that present itself in such background investigation that the Defendant has stated on the record of never performing which should draw strange vibes upon the Court, Jury and the Plaintiff.

The Defendant's Counsel argument is that the Plaintiff is seeking discovery, yes the Plaintiff is seeking discovery so that such record will be used in a jury trial if the Defendant's wish not to accept their faults, their attempts to mislead the Plaintiff, Court and others.

The Plaintiff knows the Defendants know something and have something that they are either trying to assist others or just think they can continue to abuse their position of authority by maintaining and holding personal but private information that belongs to the Plaintiff and not the Defendants. Therefore, the information the Plaintiff seek is crucial to the preparation of this case and the Plaintiff has not failed in any test.

The Plaintiff should have been hired in nature to this position that he passed all phases of the examination process and his veteran status should have been used over others who were selected in this government position who were non-veterans. Resulting in the same treatment in accordance to the case of issues as stated in the attached documents in nature to the same incident with the Veteran Administration (See attached supportive document to support Plaintiff's claim).

In the Defendant's Counsel section number II, the Defendant's Counsel stress that it is entirely appropriate for the Court to bar discovery, where there is a dispositive motion pending because it is logical that when "the determination of a preliminary question may dispose [of the claims against a party], application for discovery may properly be deferred until the determination of such questions" The Plaintiff states it is not appropriate because the Plaintiff submitted his request in a timely manner after the Defendant's Counsel responded to the Complaint served upon such agency. If the Defendant's Counsel would not have responded then such discovery would not be needed and now it would have been logically for the Plaintiff not to file any motion for Admission, Interrogatories and Subpoena Duces Tecum requests. Since the Defendant's Counsel responded in attempts to mislead the Court now it is appropriate and this is why the Defendant Counsel's claims should be denied.

In paragraph number 2 on page five, the Defendant's Counsel states "Where, as in the present matter, the pending dispositive motion raises the defense of "sovereign immunity," a court may properly deny discovery until the motion is resolved" The motion has been resolved. The Court has not granted nor honored the Defendant's motion request within the appropriate time period of receiving and accepting such request now the Defendant should now turn over all the documents the Plaintiff has requested or be ordered to be compelled to do so. Regardless,

this method or tactics by the Defendant's Counsel will not look too favorable upon a jury when such jury will be informed of such acts performed by the Defendant's to delay, avoid and refused to release such information in a timely manner as "appropriately" requested by the Plaintiff under the Freedom of Information Act and Privacy Act and by means of filing suit in the appropriate court to obtain the records to clear the Plaintiff's name, character and background.

One now can clearly see due to the Defendants and the Defendant's Counsel illegal attempts to withhold such information. It shows they are more legal involved in illegal activity as stated by the Defendant's Counsel in other cases pending before this Court.

The Plaintiff's outstanding discovery requests are not irrelevant and they all should be honored now to prove fraud is not the case before this case pending in the U.S. District Court for the District of Columbia. This is the Plaintiff's second attempt to obtain the truth and the documents the Plaintiff seeks in the Plaintiff's Second requests for Admission, Interrogatories and Production of all Documents requested before the Court according to the Federal Rules of Civil Procedures.

The Defendants have had well over enough time according to the Court's calendar to produce such evidence the Defendant wishes to use in a trial setting. Therefore, it is now known before this Court that the Defendant has exhausted all its time. The Plaintiff's requests should be honored to avoid continuous submission of such motions by the Plaintiff or the Plaintiff's estate and to eliminate ongoing expenses by the Court.

This illegal tactic really makes the government look bad and people within the government sector and not the Plaintiff because the Plaintiff has proven his points in so many ways. It was not just this person who will be found guilty of wrongdoing but so many others are just like him or she and some are in the government sectors and some are not. Regardless, they

all will or should have to pay for these crimes. They too have to realize and understand that the Plaintiff too has a family and a community of people to take care of and make sure they are safe from harms way from such illegal activities of the Defendants' acts or actions in this society that we live. They all have to realize and understand that security cost.

Therefore, the Plaintiff's reasons according to Federal Rules number 8 are as followed: One, the trust factors will never be the same or to the point in which the Plaintiff had in such Defendants. Second, The scars and damaged are none recoverable the Defendants clearly placed themselves there by their intentional actions which are now proven by the Plaintiff without any documentation presented or provided by the Defendants to defend or state otherwise. Third, the Defendants on their own cognizance must repair their own damage they have done and correct their policies and procedures so that continuous occurrences will not continue to occur.  Fourth, the Plaintiff seek full compensation only because the Plaintiff has a family just like every other American and debts, bills and creditors to pay just like everyone else. Compensation will be best suitable to assist the Plaintiff in recovering from the damages done to him, his career, his character and his family. These four reasons should now justify any Defendant's rebuttal or claim regarding any claims expressing the Plaintiff failed to state or express Rule number 8 of the Federal Rules of Civil Procedures.

It should now be in the best interest of the Court to eliminate any ongoing or unnecessary cost and expense upon the Court and the Plaintiff and should now honor the Plaintiff's Master Order Request and other orders if for some reason the Plaintiff's Second Admissions, Sets of Interrogatories, and Continuous Requests for Production of Documents and Things Propounded to Defendants to set stage for Jury trial or Summary Judgment is denied.

The Defendant dispositive motion is just that a claim for dismissal without any evidence or proof given this honorable court of any justification grounds to dismiss such lawsuit without any evidence making the Defendants not to have any merit or grounds for dismissal.

If this motion request is acceptable then the Defendants should not have an additional <u>30 days</u> according to Federal Rules of Civil Procedures Prec. R. 1, Refs & Annos Civ. R.15, R.26 (f), R. 33 (a), R. 33 (b) (3), R. 34, R.36 and (b), R. 45, R. 56 in order to stay in compliance with the Attorney General deadline date of April 1st, of each year concerning receiving such reports on the final outcome of all Freedom of Information Act and Privacy Act lawsuits presented in the U.S. District Court.

If such is not acceptable then the Plaintiff wishes to use his constitutional right in demanding a jury trial so that the jury can review the record and hear the case before the court and rule in correcting the Plaintiff's record and awarding the Plaintiff for all the damages the Plaintiff seek in this lawsuit before the Court.

The Plaintiff hereby entered multiple but many oppositions against such motion requests by the Defendant attached with the Plaintiff's First and Second Motion Request for Admissions, Sets of Interrogatories, and Continuous Requests for Production of Documents and Things Propounded to Set Stage for Jury Trial for appropriate Jury Trial or Summary Judgment according to the Federal Rules of Civil Procedures, Rule 52.

The Plaintiff has entered the appropriate documentation to be entered into discovery in support of Plaintiff's motion requests for summary judgment by default or summary judgment in favor of the Plaintiff due to the Defendant's failures to obey Court's instructions and the normal operation procedures of the Rules under the Federal Rules of Civil Procedures.

The Plaintiff has entered his Exhibits in support of the Defendant's failures according to *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) and *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and accordingly and timely.

The law clearly states... In subsequently to *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Id at 456 in which the Plaintiff still quote *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), Fox v. Strickland, 837 F. 2d 507 (D.C. Cir. 1988) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

The Plaintiff has given the Defendants every opportunity to come good before this honorable court and has given the Defendants every opportunity to produce evidence against the Plaintiff's claims under Rule 56 (e) of the Federal Rules of Civil Procedures which states supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse

party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In this case before the Court, the Plaintiff has entered multiple sworn affidavit of service before the court in showing proper service according to the Court's rules and instructions, proper affidavit of service rebutting and disputing the Defendant's responses by means of Motion to Enter Discoveries, proper affidavit of service showing proper but timely filing of Admissions, Interrogatories and Subpoena Duce Tecum requests given the Defendant and equal but fair chance to defend such lawsuit.

In closing, let the law stand and the law states itself in saying, according to section (b) of the Freedom of Information Act and Privacy Act it clearly states that on complaint, the District Court of the United States in the District in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia. This District Court has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter *de novo* in what the Plaintiff has requested in this MOTION before the courts. The Court may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemption set forth in subsection (b) of this section, and the burden is on the agency (The Defendants) to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(c) and subsection (b) and reproducibility under paragraph (3)(b). It is known for the records that whenever the court orders the production of any agency records improperly withheld from the complainant (the

Plaintiff) and assesses against the Untied States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of evidence submitted, shall submit his finding and recommendations to the administrative authority of the agency concerned and shall send copies of the finding and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends. In this case today before the courts special actions needs to be administrated upon the Defendant's counsel for coming into the honorable courts and trying to mislead the courts and failure to present the facts according to the statements made in their submissions to the courts causing **all** theirs statements to be in dispute and in question.

The Plaintiff is requesting the facts to every statement such Defendant and Defendant's Counsel wishes to make. "*Without facts, you have nothing*" "*You must provide the facts, proof to support your statements*" If not what you are saying before the court is without merit.

In closing, I (the Plaintiff) express to the Court and to the Defendant's Counsel and alleged Defendant's Counsel…I (the Plaintiff) did not ask to come here nor did I request to be brought into this. The Defendants' actions alone makes them to be solely but totally responsible for these arguments in the Court today and as far as I (the Plaintiff) can see it, this case should have been in default after the Defendant's Counsel failures, missing the Court's deadline for

filing a dispositive motion as stated by the Plaintiff earlier in this submission and before other submissions before the Court.

Once again, the Plaintiff has expressed before this honorable court that relief can only be granted by the Defendant's correction to his, her, its and their practices and ways in withholding, reporting or giving information to any state or federal sector of the government, especially concerning a person true character under a federal investigation. In additional relief can be granted through compensation expressed by the Plaintiff in the Plaintiff's initial complaint according to Rule 8 of the civil procedures and the Defendant (s) should be held liable for all court cost after such summary judgment.

Once again, the Plaintiff rests and place this **MASTER ORDER** request in the hands of the judge so that the judge can now review the record as a whole and render the Plaintiff's Summary Judgment in whole or by Default to bring this case to a close before this honorable court within 10 days after receipt of this motion filing.

The Plaintiff has entered certified certification that shows that the movant has in good faith conferred or has attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

The Defendant has failed to answer any of the questions propounded or submitted under Rule 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a). The Defendant has failed to answer the interrogatories submitted under Rule 33. The Defendant has failed in their response to the Plaintiff and the Court to allow the Plaintiff and the Court to inspect any but all documents submitted under Rule 34. Now the Plaintiff has moved in accordance with the federal rules of civil procedures to enforce an order to compel an answer, or a designation, or an order compelling inspection in accordance with the pervious requests.

1  The Plaintiff has made three known certified attempts on the record to propound the

2  Defendant to provide such evidence to move forth for a jury trial or to bring complete closure to

3  this case before the Court. All three attempts have failed. With the evidence submitted by the

4  Plaintiff and the additional failures by the Defendant, this is enough evidence for a favorable

5  ruling or judgment in whole but in favor of the Plaintiff according to the rules and instructions of

6  the Court.

7

8  The Plaintiff once again expresses, provide and states before the Defendant, Court and

9  Jury that it has always been known when considering a motion for summary judgment, it is

10  known that the court must examine all evidence in the light most favorable to the plaintiff

11  (nonmoving party). I would advised the defendant to consider case laws _Langley v. Adams_

12  _County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant)

13  bears the burden of proof at trial is entitled to summary judgment only when the evidence

14  indicates that no genuine issue of material fact exists. See **Fed. Rules Civ.Proc. Rule**

15  **217k2406(2)**. _See case law_: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the

16  moving party (the defendant) does not bear the burden of proof at trial, it must show "that there

17  is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the

18  nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore,

19

20  case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91

21  L.Ed.2d 265 (1986) holds no merit in this case matter. Therefore the Defendant has sustained no

22  loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant

23  caused this action or judgment upon self in either failing to response, failing to produce or

24  provide the court with substantial facts or any facts at all to justify dismissal but fail to obey the

25  Court's rules and instructions.

Respectfully Submitted,

Samuel Clemmons
Plaintiff, *Pro Se*

See Attached ORDERS

**PROVEN FRAUD
ACTIVITY BY
DEFENDANTS
JUSTIFYING LAWSUIT**

AO 88 (Rev. 1 94) Subpoena in a Civil Case

Issued by the

# United States District Court
### DISTRICT OF COLUMBIA

SAM L. CLEMMONS

Vs.

DEPT. OF HOME LAND SECURITY

To:

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:**

**1:06CV00518 (RCL)**

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number.

**COURT COPY TO COMPEL
EVIDENCE IF NECESSARY
THROUGH PLAINTIFF'S
MOTION REQUEST TO
PRODUCE ALL THE EVIDENCE**

AO 88 (Rev. 1.94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    Date

_____
Signature of Server

_____
Address of Server

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PLAINTIFF'S SECOND REQUESTS FOR ADMISSIONS, SETS OF INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANTS ATTACHED WITH MASTER ORDER REQUESTING TO COMPEL TO PROVE CASE IS NOT FRAUD OR THE DEFENDANT IS NOT IN DEFAULT

### <u>DEFINITIONS</u>

Plaintiff, Sam L. Clemmons, *Pro Se* status is now attempting to collect and recovery all information from the Defendant, Transportation Security Administration or the Homeland Security Administration and any of such information will be use for further court purpose.

As used herein, the terms listed below are defined as follow:

A. The terms, "*you*" and "*your*," mean Transportation Security Administration, Homeland Security Administration and the Defendant's Counsel and any and all persons, employees, agents and others acting or purporting to act on behalf of both federal agencies.

B. The terms "*I*,", "*me*," "*my*," Plaintiff and all persons, employees, officer, owners, agents and others acting on behalf of Sam L. Clemmons' Estate.

C. The term "Plaintiff," means Sam L. Clemmons all persons, employees, officers, owners, agents and others acting on behalf of Sam L. Clemmons' Estate.

D. The term "*<u>Judge</u>*" means an official with the authority and responsibility to preside in a court, try lawsuits and make legal rulings. Judges are almost always attorneys. In some states, "justices of the peace" may need only to pass a test and federal and state "administrative law judges" are often lawyer or non-lawyer hearing officers specializing in the subject matter upon which they are asked to rule. The word "court" often refers to the judge, as in the phrase "the court found the defendant at fault," or "may it please the court," when addressing the judge. The word "bench" also refers to