UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM CLEMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   C.A. No.:06-518 (RCL) |
| | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) |
| | ) |
|     Defendants. | ) |

**FEDERAL DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

    The Federal Defendants, by and through their attorney, the United States Attorney for the District of Columbia, respectfully opposes Plaintiff's Motion to Compel that is contained within Plaintiff's Motion Request Following Proposed Orders Submitted to Court Requesting Case to be Closed for Summary Judgment by Default Due to Fraud Reveal, Found and Located by the Plaintiff Against the Defendants.(Dkt. No. 18).  In support of the Opposition, Federal Defendants state as follows:

    1.    As outlined in greater detail in Federal Defendants' Memorandum of Points and Authorities in Support of Its Motion to Dismiss (Dkt. No. 14), the history of Plaintiff's pursuit of this litigation stems back to his Freedom of Information Act ("FOIA") request for information and documents the Department of Homeland Security (DHS) allegedly relied upon in denying Plaintiff a job with DHS.  Plaintiff filed an amended complaint in this civil action on October 5, 2006, asserting a violation of the FOIA by the DHS, and intentional tort claims against

employees of the DHS.[1/]

    2.    On January 5, 2007, the Federal Defendants moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, in addition to moving to substitute the United States as the proper Federal Defendant to Plaintiff's tort claims. Defendant's Motion to Dismiss (Dkt. No. 14).

    3.    On January 25, 2007, Plaintiff filed a "Motion Request to Enter Plaintiff's Discovery Requests to Set the Stage for a Jury Trial"along with Requests for Admission and other discovery requests that are unrelated to the pending FOIA/tort matter. Plaintiff further attached a subpoena *duces tecum* addressed to Counsel for Federal Defendants ordering that Counsel appear before the District Court. Dkt. No. 15 at Attachment 1.

    4.    Federal Defendants filed a Memorandum in Opposition to Plaintiff's Motion Request to Enter Plaintiff's Discovery Requests and a Motion for Protective Order on February 7, 2007, demonstrating that Plaintiff's subpoena to counsel for Federal Defendants, as well as his discovery requests were improper. Federal Defendants' Memorandum in Opposition to Plaintiff's Motion Request to Enter Plaintiff's Discovery Requests and Motion for Protective Order (Dkt. Nos. 16 and 17). Plaintiff has failed to respond to either.

    5.    In spite of the fact that Federal Defendants have filed a Motion to Dismiss and a Motion for Protective Order, Plaintiff has served yet additional Requests for Production of Documents, Requests for Admission and Interrogatories that are unrelated to the currently-pending Motion to Dismiss, has, again, issued a subpoena for counsel for Federal Defendants for

---

[1/]    Notably, Plaintiff has no less than eleven (11) civil actions pending in this Court as a result of his being denied jobs with Federal agencies. See 05cv02353 (RCL); 06cv08 (RCL); 06cv115 (RCL); 06cv123 (RCL); 06cv194 (RCL); 06cv195 (RCL); 06cv196 (RCL); 06cv304 (RCL); 06cv1285 (RCL); 06cv1657 (RCL); and 06cv1286 (RCL).

an unknown purpose, and has moved to compel Federal Defendants' responses to his previously-filed discovery requests. (Dkt. No. 18).

6.     Because Plaintiff failed to abide by the good faith conference requirements of Federal Civil Rule 37(a)(2)(1) and Local Rule 7(m), this Court should dismiss Plaintiff's Motion to Compel. See U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 235 F.R.D. 521, 529 (D.D.C. 2006) ("The obligation to confer . . . requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation. As such, failure to comply with the conference requirement is sufficient basis to deny a motion to compel").

7.     Plaintiff's second set of discovery requests and his second subpoena are improper for all of the same reasons set forth in Federal Defendants' previously-filed Opposition to Motion Request to Enter Discovery Requests and Motion for a Protective Order, and Federal Defendants incorporate and reassert all of the arguments stated therein. In addition, Plaintiff's second set of discovery requests and subpoenas are improper because a Motion for Protective Order is currently pending, and Plaintiff has not filed any opposition thereto.

WHEREFORE, Federal Defendants respectfully submit that Plaintiff's Motion to Compel be denied. Federal Defendants further submit that the previously filed Motion for a Protective Order should be deemed conceded, and that this Court order that discovery by Plaintiff not be taken, pending further order of the Court.

Respectfully submitted,

_____//_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____//_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____//_____
ALEXANDER D. SHOAIBI, D.C. BAR # 423587
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Room 4218
Washington, D.C. 20530
(202) 514-7236

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 19, 2007, the foregoing Federal Defendants' Opposition to Plaintiff's Motion to Compel and proposed order were sent, by first-class mail, postage pre-paid, to the Plaintiff, Sam L. Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.

                                                                       _____//_____
                                                                ALEXANDER D. SHOAIBI
                                                                Assistant United States Attorney