# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | **ATTACKED AS <u>FRAUD</u> ACTIVITY BY DEFENDANTS JUSTIFYING LAWSUIT** |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-518 (RCL) |
| ) | |
| UNITED STATES DEPARTMENT OF ) HOMELAND SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

After filing the complaint herein, <u>plaintiff took no action to prosecute this action</u> until he filed an amended complaint [3] on October 5, 2006. Thereafter, service was effected [5] on the United States Attorney on October 6, 2006, making a response due on November 5, 2006. Prior to that date, defendant moved [4] to extend the time for responding until December 6, 2006. On December 6, 2006, defendant moved [11] to further extend its time to respond until January 6, 2007.

[Handwritten margin note: PLAINTIFF TOOK ACTIONS IN PLAINTIFF'S COMPLAINT BUT PLAINTIFF ID DEFAULT STILL GOOD!]

In the meantime, plaintiff requested a default [8] on November 7, 2006. The <u>law prefers</u> [handwritten: ← CONTINUED CON] <u>disputes to be determined on the merits, and precludes entry of default when a defendant is willing and able to appear and defend.</u> Accordingly, plaintiff's initial motion [8] for default is DENIED, and the defendant's motions to enlarge time [4, 11] are GRANTED, *nunc pro tunc.* Accordingly, <u>the motion to dismiss [14] filed by defendant on January 5, 2007, is deemed timely filed.</u>

[Handwritten margin note: IT'S NOT IN ORDER NEVER DISMISS SUCH]

Rather than <u>opposing</u> the defendant's motion to dismiss, plaintiff has frivolously filed motions: for discovery in support of default [10], to file discovery documents [15], for summary

[Handwritten margin note: ← PLAINTIFF HAS ALWAYS OPPOSED SUCH THAT'S WHY DEFAULT [6] IS THERE]

judgment by default [18], to compel production of evidence (attached to [18]), and to close the case for summary judgment by default [22]. All of those motions [10, 15, 18, 22] are DENIED.

Defendant properly moved for a protective order [17] to stay all discovery until its motion to dismiss is decided. That motion [17] is GRANTED.

Defendant's motion [21] for imposition of filing restrictions against plaintiff is GRANTED. Plaintiff shall not file any further motions in this case without leave of Court. Additionally, defendant shall not be required to respond to any previously filed motion until the Court resolves the pending motion to dismiss. Accordingly, defendant's motions [12, 23, 25, 26] to extend time to respond to other matters are DENIED AS MOOT.

Plaintiff has also filed a motion [24] to file an appeal out of time, and lodged a notice of appeal. There is nothing at this point to appeal–the Court has entered no prior orders in this case. Plaintiff's motion [24] is therefore DENIED.

To the extent that plaintiff's motion for leave to file an appeal out of time might also be construed as a motion for recusal, plaintiff's motion for recusal is DENIED. This Order denying recusal may be subject to review on appeal or by mandamus if the plaintiff chooses to do so, but a timely-filed notice of appeal will deprive this Court of jurisdiction to proceed to act at all in this case. *(PLAINTIFF FILED APPEAL NOTICE. THIS IS A FOIA CASE PASSED 20DAYS)*

What is currently pending before the Court is the motion to dismiss filed by defendant on January 5, 2007. Plaintiff Samuel L. Clemmons is representing himself, *pro se*. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* plaintiff of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509.

Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

> Under Rule 56(e) of the Federal Rules of Civil Procedure:
>
> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as Mr. Clemmons, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes,

a verified complaint shall serve as an affidavit.

In accordance, this Court wishes to advise plaintiff that he must respond to defendant's previously filed motion within fourteen days of the date of this Order. If Plaintiff does not respond, the Court will treat the motions as conceded and dismiss the complaint.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 13, 2007.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ATTACKED AS <u>FRAUD</u> ACTIVITY BY DEFENDANTS JUSTIFYING LAWSUIT**

SAM L. CLEMMONS, )
)
Plaintiff, )
)
v. )   Civil Action No. 06-518 (RCL)
)
UNITED STATES DEPARTMENT OF )
HOMELAND SECURITY, )
)
Defendant. )

## ORDER

Upon consideration of defendant's motion [14] to dismiss the Amended Complaint, and plaintiff's failure to respond thereto despite this Court's Order of July 13, 2007, it is hereby

ORDERED that the motion [14] is GRANTED as conceded.

Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.   *FRAUD*

This is a final, appealable Order.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, August 8, 2007.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August 2007, a true copy of the **PLAINTIFF'S MOTION REQUEST TO VACATE JUDGE'S ORDER DUE TO FRAUD IS REVEALED, FOUND AND VAILDATED ON THE RECORD THEREFORE, THE PLAITNIFF IS CONTINUING ATTACKING SUCH ACTIVITIES BY THE DEFENDANTS AS FRAUD, CONTEMPT AND DEFAULT** were all served by regular mail concerning case # 1: 06CV00518 (RCL) to the following:

To: Defendant's Counsel
JEFFREY TAYLOR
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20530 / Certified Mail Tracking #: **7006 0100 0004 7928 3494**

RUDOLPH CONTRERAS
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20036 / Certified Mail Tracking #: **7006 0100 0004 7928 3524**

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530 / **7006 0100 0001 6544 1856**

And
United States District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001 # **0305 0830 0004 5848 5126**

Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that on this** 9th day of April 2007**, a true copy of the PLAINTIFF'S MOTION REQUEST TO ENTER FINAL AFFIDAVIT OF SERVICE SHOWING PROPER PROOF OF DELIVERY OF THE THIRD AND FINAL SETS OF ADMISSION, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANTS IN ADDITION TO THE PLAINTIFF'S MOTION REQUEST TO ENTER FINAL DISCOVERY FOR THE RECORD ATTACHED WITH PLAINTIFF'S SET OF PROPOSED ORDER(S) were all served by regular mail concerning case # 1: 06CV00518 (RCL) to the following:**

To: Defendant's Counsel
JEFFREY TAYLOR
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20530 / Certified Mail Tracking #: **7006 0100 0004 7928 3494**

RUDOLPH CONTRERAS
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20036 / Certified Mail Tracking #: **7006 0100 0004 7928 3524**

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530 / **7006 0100 0001 6544 1856**

And
United States District Court for the District of Columbia
**Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001 # **0305 0830 0004 5848 5126**

Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601