UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS )<br>Plaintiff )<br>vs. )<br> )<br> )<br>THE DEPARTMENT OF HOMELAND )<br>SECURITY (TSA), et al., )<br> )<br> )<br>~~UNITED STATES DISTRICT COURT~~ )<br>~~ROYCE C. LAMBERTH~~ )<br>Defendants ) | CIVIL ACTION NO:<br><br>1:06CV00518 *RCL* |

## PLAINTIFF'S SECOND MOTION REQUEST AGAINST JUDGE'S ORDER OR RULING IN ACCORDANCE WITH FEDERAL RULES OF CIVIL PROCEDURES, RULES 56 (e) BUT COUNTER ATTACKS WITH RULES 4 -38 AND 60

Come now the Plaintiff file his <u>second</u> answer or response against the presiding judge's order for the Plaintiff to submit his answer or response to the outdated Defendant's Motion Request to Dismiss which is out of order and out of sequence in the presiding judge attempts to misrepresent justice. The Plaintiff submitted his first response and answer in a timely manner and was told and advised by the Office of the Clerk that such was filed or submitted on July 30th, 2007. The order by the judge was filed on July 13, 2007. The court has to give leave way in giving the Plaintiff *pro se* 5 to 7 days to receive such order and then to response to such order to the fact that the Plaintiff is a *pro se* and the Plaintiff does not have access to reviewing such filing by electronic means. Therefore, the first response is logged and timed as timely and such Order filed on August 8, 2007 should be reversed and filing [14] should be stricken from the record or docket.

**RECEIVED**

SEP 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Plaintiff move by filing this answer to anything filed or submitted into the record or docket that anyone can see for the record that no such order was ever given for the Defendant's Counsel to submit such a motion to dismiss. Any one can see that no such order was giving and ordering the Defendant's Counsel to file his or her dispositive motion within 10 or 14 days.

Anyone can see by a thorough review of the record or docket that no such order or involvement was ever administrated in this proceeding until July 13, 2007 and the Defendant was officially served on October 6, 2006 with an answer due in court on November 5, 2006. Even though the case was filed by the Plaintiff on March 22, 2006 and the Plaintiff had 120 days to perfect service upon the Defendant. The Plaintiff deadline date for serving the Defendant was July 25, 2006. If the presiding judge was issuing orders and administrating caseloads that are similar in connection to this case, if such was done accordingly a delay in perfecting service might not be an issue at this stage. During this time the court never issued ordering directing the Plaintiff to perfect service or they will soon consider dismissing the case. There is nothing in the record or docket in according with the Federal Rules of Civil Procedures, Rule 4 showing that the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the Plaintiff shows good cause for the failure, the court shall extend the time of service for an appropriate period. This service was not in nature to a foreign country but such instructions or orders should have been administrated if there were such issues in serving this Defendant outside such time frame. The Court is

fully aware of other issues or matters that the Plaintiff was handling in dealing with other matters within the jurisdiction of this court.

The Plaintiff did amend such complaint to eliminate any issues or concerns prior to serving the Defendant.

The Department of Homeland Security was served on October 11, 2006 with an answer due on November 11, 2006. The Defendant was served properly in accordance with the Federal Rules of Civil Procedures, Rule 4 but failed to appear to avoid prosecution. This is an issue and should be a trialable issue due to failing to produce the Documents sought in nature to the Freedom of Information Act and Privacy Act's lawsuits. The Defendant had 20 days to produce the documents sought through the FOIA and failed to enter a response or answer in accordance with the Federal Rules of Civil Procedures. This is a serious violation and should be serious issues of concern.

On November 7, 2006 [8] the Plaintiff or Petitioner filed a timely motion requesting to Enter Affidavit of Service in support of Plaintiff's Motion Request before the Clerk to Enter Default Due to the Defendant's Failures to Obey Court's instructions placing such Defendant in Default. On November 20, 2006 [9], the Defendant shows up being completely out of compliance with the Federal Rules of Civil Procedures by failing to file a Motion to Enter An Appearance and refused to wait for a Court's order, ordering the Defendant's Counsel to file such dispositive motion if such is wanting to file such and should file such within 10 to 14 days to be in complete compliance with the alleged Federal Rules of Civil Procedures the presiding judge is so custom to quoting and using which appears in this case to be completely out of content and order this rule is Rule 56 (e). The Plaintiff stresses before the lower court and the United States Court of Appeals

that Rule 56 (e) cannot supersede any other rule prior to such rule such as Rule 4. Therefore, one should continue to question and ask and wonder what makes this case so different from others?

On November 22, 2006, the Plaintiff moves with a motion request to Enter Discovery in Support of Plaintiff's Motion Request to Enter Default. This Motion is appropriate and is well in compliance with the Federal Rules of Civil Procedures. The Plaintiff has now placed himself in such position if such Rule 56 (e) should ever come into play that such actions at this point has already validated why such case should not be dismissed. In any situation no case can be dismissed when the Defendant failed to appear in a timely manner and discovery motion has been entered into the record. Especially when the presiding judge has not issued an order denying such motion request before 10 to 14 days after such motion request has been entered into the record or docket. If such does occur then one should consider it as unconstitutional and not within the rules and laws of the court.

On December 6, 2006 [11], the Defendant move once again for a second Motion for Extension of Time to File Response to Amended Complaint when the first Motion Request October 31, 2006 which was never granted or a proper motion such as a motion to enter appearance was never submitted. This is once again is totally out of compliance and outside the Federal Rules of Civil Procedures which justifies why such case should be amended and turn over to be rule in favor of the Plaintiff with the appropriate summary judgment in favor of the Plaintiff. This reflects as unprofessional bad conduct problems with behavior which all should be label as unacceptable behavior.

On December 7, 2006 [12] the Defendant comes again with another Motion Request for Extension of Time to Respond to Plaintiff's Motion Request to Enter Discovery. Anyone can see at no time during the Plaintiff enter of Discovery did the Defendant object to any of the Plaintiff's filing therefore, such filing by the Plaintiff should be appropriate and within realm for sharing discovery to come to a better resolution prior to going or moving forth for a jury trial as ready demanded by the Plaintiff.

During the month of December there is no record in the docket honoring or denying the Defendant's Motion Requests. This should be unacceptable, misconduct and disability problems.

After the Defendant has reviewed the Plaintiff's discovery and has confirmed and verified such entry. The Defendant still refused to object or rebuttal anything found and located in the Plaintiff's Discovery. But on January 5, 2007 [14], the Defendant once again move out of compliance of the Federal Rules of Civil Procedures without filing a Motion to Enter Appearance and wait to receive such order from the Court ordering such to file a dispositive motion within 10 to 14 days of this order. Due to the Defendant and the presiding judge's mistakes, the Defendant filed a Motion to Dismiss Amended Complaint without any order in place once again directing the Defendant that now he or she can file such motion. This too is once again something that should be questioned due to unprofessional conduct, misconduct and disability problems.

The Defendant filed such Motion Request to Dismiss which should be **QUASHED** due to filing is not proper and not in compliance with the Federal Rules of Civil Procedures due to the facts as well to support such motion filed the Defendant nor

the Court cannot support such filing upon the Plaintiff as proper by producing a valid Affidavit of Service (certified mail green card showing receipt) showing that such was received by the Plaintiff as well as the Plaintiff can produce that such summons and complaint was received by the Defendant perfecting service in accordance with the Federal Rules of Civil Procedures, Rule 4.

The Defendant has the same obligation and rights just as well as the Plaintiff to perfect service especially when filing such Motion Request to Dismiss. How can one place such a large request without facts or substantial evidence or not even a certified green card validating that one has mail such large request to the other party. This is true unethical conduct and behavior but since the Plaintiff is filing as a *pro se*, the judge can allow this to be done in hopes that such *pro se* will be below average to figure it out or know any better thereby both the Defendant and the presiding judge can completely take advantage of this *pro se* and amend the law to work in the best for them and not by doing what is right and equal in accordance to equal rights and protections under the law. These are genuine issues why everything administrated by this presiding judge should be overturned and serious sanctions should be administrated throughout on both.

Now on January 25, 2007 [15], twenty days after the Defendant's motion request for dismissal the Plaintiff filed and entered such Motion Request to Enter Plaintiff's Discovery Request to Set the Stage for Jury Trial if necessary. This is too very appropriate since now it appears that the Defendant refused to cooperate and work out a settlement agreement to prevent such matter from going before a jury trial. During this time the Defendant's Counsel failed to produce or provide any documentation to support or justify such motion entered on January 5, 2007 requesting such matter to be dismissed.

Anyone can see that if such activity was proper in this proceeding the presiding judge would have step in 10 to 14 days after the Defendant filed such Motion Request to Dismissed and should have accepted such filing or denied such filing. This would have prevented any further filing by the Plaintiff or the Defendant.

From February 7, 2007 [16] [17] something is wrong for the record now the Plaintiff has entered something in which the Defendant is trying to avoid and hide from it's pervious submission before this court. Now the Defendant wants to file such motion request denying the Plaintiff's Motion Request to Enter Discovery and is now requesting and wanting the court's to grant the Defendant a motion for protective order.

On February 28, 2007 [18] the Plaintiff once again file an appropriate motion requesting following proposed orders submitted to the Court requesting such case to be closed for Summary Judgment by Default Due to Fraud Revealed, Founded and Located by the Plaintiff against the Defendant. Is this an appropriate filing and an objection or opposing against any of the Defendant's Motion such as a motion to dismiss? If one would go to such Memorandum and Order filed on July 13, 2007, go to paragraph # 3 which read in the presiding judge's communication stating and quoting such…"**Rather than opposing the defendant's motion to dismiss, plaintiff has frivolously filed motions: for discovery in support of default [10], to file discovery documents [15], for summary judgment by default [18], to compel production of evidence (attached to [18]), and to close the case for summary judgment by default [22]. All of those motions [10, 15, 18, 22] are DENIED**". It should clearly showcase itself that such filing are proper in an effort of attempt to force involvement by this presiding judge in this process to expedite this process so that business of the court can be proper and to move

on accordingly. This effort attempt by the Plaintiff did not work but both the Defendant and the presiding judge tries to make such activity by the Plaintiff to be wrong when they both have been found doing wrong from the very start in this process or proceeding but tries to put the blame on the Plaintiff that due to being a *pro se* as if the Plaintiff is not aware or does not know any better they can easily get away with this.

If such case was professionally managed by the presiding judge such case judge would have intervened and entered an order here especially to the Plaintiff to show cause as to why he feel that such Fraud has been Revealed, Founded and Located and to point out to the Court and justify his statement entered into the record. The Plaintiff should have had 10 to 14 days to prove such and the Defendant should have 10 to 14 days to prove such is not Fraud. This did not happen which is a serious indication of cover up and a true intention to prevent true justice from prevailing. Anyone can see that even after identifying the Fraud the Plaintiff still offers and extension to settle this case [19].

From March 19, 2007 to the Present one should serious question illegal activity is presenting itself throughout the record or docket. There is no where in the docket showing any judge involvement until the Plaintiff received such notice or order on July 13, 2007 which is out of order and seriously out of compliance with the Federal Rules of Civil Procedures. The Plaintiff did continue to response to such order and responded and such was filed into the courts on July 30th, 2007 as informed and advised by the Office of the Clerk. Such Plaintiff filing was timely and entered before the Deadline date of filing such response on August 2, 2007. Remember the Court must give a *pro se* five to seven days after such order is entered into the record or docket due to mail restrictions of delivery which make the Plaintiff's time for responding starting on July 19, 2007.

Now in conjunction with Plaintiff's filing in filing a continuous Motion For Oppositions, Objections and Rebuttal Against any and all the Defendant's Actions and Continue Demand A Jury Trial In Accordance with Federal Rules Of Civil Procedures, Rule 38 Before The U.S. Court of Appeals Due To Fraudulent Statements Discovered in The Defendant's Statements Before the Court. This filing is seriously an object and rejection against such order imposed upon the Plaintiff to comply to which is well out of order especially as being when the presiding judge or the lower court never filed an order, ordering the Defendant to enter such dispositive motion. This error should substantiate an immediate appeal and a reversed decision in favor of the Plaintiff.

As the United States Court of Appeals can see that the Plaintiff has always attacked such and has already proven that such statement made is tainted with invalidity, by fraud practiced. The Defendant has had well over an extension of time to validate there stance why such activity or information submitted into the record is not fraud.

The Plaintiff now comes before the Untied States Court of Appeals to validate fraud and to show good cause as to why this case should have been over with one month after being served in accordance with the Freedom of Information Act and Privacy Act. All these illegal prolong for the record sought is completely outside the normal rules of procedures and completely outside the Federal Rules of Civil Procedures and the presiding judge fully and clearly is aware of such and this is why the presiding judge should be held responsible for these negligence acts and tort damages being continuous being committed against the Plaintiff.

In accordance with the rules and laws of the Courts when fraud has been identified, the court says and express that under 28 U.S.C. § 1746, any statement required

by rule to be made under oath in writing may be subscribed instead with a written declaration under penalty of perjury that the statement is true and correct. 18 U.S.C. § 1621 includes in the definition of perjury a willfully false statement subscribed pursuant to 18 U.S.C. § 1746. There is some question on the authority of a circuit council simply to require a declaration under penalty of perjury, not made in lieu of an oath. Therefore, the presiding judge should administrate such sworn statement to justify that the Defendant's actions are not fraudulent ones and the Defendants acted in accordance with the laws of the Freedom of Information Act and Privacy Act to be eliminated from wrongdoing of these activities. The presiding judge must admit under oath that such activities were full in compliance with the Freedom of Information Act and Privacy Act and the Federal Rules of Civil Procedures.

In and throughout these proceeding, the Plaintiff personally feels that he is not only going up against the Defendant in proving his case but the lower court (U.S. District Court) is too a big burden and as well the Defendant in this lawsuit. The lower court knows that Defendant failed to cooperate and if such failure exists how will the business of the court ever move accordingly as it should have. It does not take 10 months to deal with something in which the presiding judge just completed and administrated within one month.

The Plaintiff is now stating and expressing special damages and when special damages are claimed, they shall be specifically stated as the Plaintiff as already stated in the above paragraphs.

When the United States Court of Appeals reviews this case and look at what is Fraud, Mistake, Condition of the Mind. One should consider in all averments of fraud or

mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally in this case what the Plaintiff is now defending before the courts that the Defendant's including the presiding judge omissions are **FRAUD**.

In the Plaintiff entry before the record or docket on February 28, 2007, this is the officially date of declaring Fraud founded and Revealed by the Plaintiff and in accordance with the Federal Civil Procedures the Plaintiff did meet the minimum rule requiring that fraud be pleaded with particularity requires that allegations of fraud in a complaint, response or answer must specify statements that the Plaintiff contends were fraudulent, identify speaker, state where and when statements were made, and explain why statements were fraudulent. The Plaintiff has already done so in the record and the Defendant has proven otherwise. (See Rule 37)

The presiding judge also stated in such document dated July 13, 2007 in paragraph # 2 quoting "**The law prefers disputes to be determined on the merits, and precludes entry of default when the defendant is willing and able to appear and defend**" When in the record has the Defendant appeared and defend and filed such motion request for dismissal or the court issued or gave such order or instructions to file such dispositive motion within 10 to 14 days and after such filing where in the record does the Defendant file such motion request for summary judgment defending anything as so stated in quoted in the second paragraph of this Memorandum and Order?

Therefore, such order received coming from the presiding judge dated August 8, 2007 should be rescinded and removed from the record until the Defendant and the

presiding judge can prove that there is no falsity and knowledge thereof in the record. (See Rule 60)

In accordance with the law the law clearly states and have presented itself in prior ruling on many other original complaints in this matter, the courts have observed, that perhaps the most fatal to the pleading here, however that is why the statements were allegedly fraudulent is left entirely to inferences based on suggestions of the content of those statement made for instant the Defendant made statements that such background investigation was never performed and such checks were never performed. If the Plaintiff can prove that such statements made by the Defendant is not true then it shall be deemed as fraud if the Plaintiff can provide something to counter attack such statements made by the Defendant. This has already been proven into the record and this is why the presiding judge wishes to deny the entire Plaintiff's motion request when the presiding judge failed to initiate proper orders to maintain law and order throughout this proceeding. Once fraud has been proven and established. The case should have immediately been brought to a close to avoid unnecessary administrative expenses that has continue to plague the Plaintiff and should not be triggering over into the United States Court of Appeals to validate such a claim when such a claim should have already been validated and this case should have been closed due to multiple violation of the Freedom of Information Act and Privacy Act and **FRAUD**.

Although the Plaintiff did allege the falsity of such misrepresentations of statements and conduct which was in conclusory fashion, the Plaintiff does state and express specific facts that make it reasonable to believe that the Defendant knew that such statements made were materially false and misleading. In many cases such pleading

are tantamount to "conclusory allegations that a Defendant's conduct was "fraudulent and deceptive" which "are not sufficient to satisfy the rule. Thus the Plaintiff's fraud claims have been pleaded with the particularity required by such Federal Rule Civil Procedures, Rule 9 (b).

This case should now be closed as the Plaintiff's once requested with a Summary Judgment or Summary Judgment by default even though the Defendant appear but the Defendant failed to defend and asked for multiple but too many Extension of Time to Respond without providing any justification to request such extension and still has not provided or validated anything in requesting for such outrageous extension to prevent but cause delays in administrating justice in favor of the Plaintiff without any rights to go to the United States Court of Appeals.

Therefore, if the Court of Appeals reviews this case and amend it after too witnessing error and discover fraud. The Defendant should be responsible for all filing fees and administrative cost due to these multiple failures as stated in this complaint.

Attached is the Plaintiff's Motion Request to move to entry discovery to prove such as before the United States Court of Appeals with facts to justify fraudulent activities thereto is the Plaintiff's Federal Tort Claim showing proper service in accordance with the Federal Rules of Civil Procedures, Rule 4, Order for Judgment and Forms FMS 194 and 196.

If anyone careful review the activity of this case one can see the Defendant is able to do as they please in this court and it is also evident that the Defendant can come in and file things out of order and not within the Federal Rules of Civil Procedures therefore abusing the proceeding and failure to show any respect for this court or the law

whatsoever just as the Plaintiff has witnessed in other cases but the Defendant still manage to prevail. If they are not allowed to respect the court or this judge why should any Plaintiff have any respect for this court or the judge? Respect is earned by doing what is right and doing what is proper in accordance with the <u>RULES</u> in which everyone should be enforced to obey.

Please review the activity of this docket and anyone can see and witness illegal activity and unethical behavior does exist and no sign of sanction is not administrated upon anyone but the Plaintiff after being feed up with the nonsense of these activities administrated upon the Plaintiff and around the Plaintiff by just stalling time when they cannot produce anything to justify their illegal activities. Therefore, sanctions should be imposed and misconduct and disability should be enforced on both (the presiding judge and the Defendant)

What is the purpose in filing this lawsuit when the Plaintiff never received any relief from it or never received such record the Plaintiff sought? Therefore the Defendant is in Default in accordance in not producing and providing the record under the Freedom of Information Act and Privacy Act which is 20 days from the time the Defendant received the summons and complaint served upon the Defendant coming from the U.S. District Court who has jurisdiction rights with federal agency to comply.

This case is now fully briefed and should be closed with a Summary Judgment in favor of the Plaintiff due to fraudulent activities found and revealed by the Plaintiff and the Courts.

Once again this is a Freedom of Information Act and Privacy Act lawsuit, the Defendant had **20 days** from the time of serving the summons and complaint to produce

the entire record sought since the Defendant refused to submit such evidence prior to this lawsuit and now such lawsuit was filed upon the Defendant. The Defendant has still failed to produce what the lawsuit is directed to produce. Therefore, both the presiding judge and the Defendant are responsible for the judgment of this lawsuit. Such Rule 56 (e) is entirely irrelevant and the Plaintiff entered a summary judgment prior to the Defendant's entry of Motion to Dismiss without a justified order, ordering and directing the Defendant to do so. Due to both or collaboration efforts to deprive the Plaintiff of the record he sought to obtain according to the laws and rules and instructions of the Freedom of Information Act and Privacy Act. This activity presents itself here as the classy fruit of the poison tree situation which is tainted and corrupt and the presiding judge wish and want to make a prejudice statement before the United States Court of Appeals stating that "any appeal would be frivolous and not taken in good faith".

It's ashamed to say if one cannot prove that such activities are not fraud to make such statement or claim as truthful and especially when the Plaintiff can prove that his constitutional rights have been violated. Neither the Defendant or the presiding judge can produce one piece of evidence against the Plaintiff to show wrongdoing but the lower court and the presiding judge can attempt to write documents in an attempt to mislead others especially the higher court in an attempt to make it appear that the Plaintiff did wrong when it was the presiding judge who failed to show up for work to manage, order and control the business in this case in a timely manner and still dismiss this case without proper cause or good reasoning for dismissing by violating the Federal Rules of Civil Procedures by failing to proceed from Rule 4 – 56. These are serious issues for trial.

**Anyone can see that Rule 56 (e)** DOES NOT APPLY OR CANNOT APPLY DUE TO THE FACTS THAT THE DEFENDANT NEVER FILED A MOTION REQUEST FOR SUMMARY JUDGMENT. Therefore as the presiding judge is trying to quote as stating that "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issues for trial." The Plaintiff has set forth all in explaining that such activities on both sides are **FRAUD** and such response to such Rule 56 (e) is to **FRAUD**. Therefore the Plaintiff is clearly attacking such and expressing for the record that the Defendant never filed for such motion for summary judgment and the presiding judge cannot alter, assist and attempt to mislead in stating that such was or is requested on the record when such is not. Therefore, such activity performed on July 13, 2007 addressing this order is not in compliance and should be **QUASHED** from the record and such summary judgment should be honored and granted in favor of the Plaintiff due to Fraud is Founded, Located and Revealed for the record and proven by the Plaintiff.

Therefore, the judgment from this award should be paid immediately and this case should be closed due to **FRAUD**.

If all three (the Defendant, Defendant's Counsel and the presiding judge) disagreed they should be ORDERED to show cause to justify their actions throughout this process or proceeding to be eliminated from **FRAUD.**

These actions or activities alone are sure signs of being in violation of 28 U.S.C. 2675 and someone has to pay for such actions or conduct just as someone was held liable

16

<u>These actions or activities alone are sure signs of being in violation of 28 U.S.C. 2675 and someone has to pay for such actions or conduct just as someone was held liable and responsible for such wrongdoing like for example in cases laws such as *Vaca v. Sipes*, 386 U.S. 171, 87 S. Ct. 903, 17 L.Ed.2d842, **North Central F.S., Inc., 951 F.Supp. 1408 (same)** and *United States v. John Lennon* these cases are the base cases in which the award the Plaintiff or Petitioner is seeking from these damages or injuries which now should triple.</u>

These are genuine issues for trial in accordance with Rule 56 (e).

This case has now been fully brief and is ready for a jury trial.

Respectfully submitted,

*[signature]*
Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601
866-409-7758

_____**I declare under a penalty of perjury that all the statements stated above and evidence submitted as affidavit is legally correct.**